CASES IN THE SUPREME COURT

Addison,
January,
1815.

DAVID PAGE, JR. vs. JAMES JOHNSON et al.

If an appeal be entered from a judgment rendered by a County Court, to the Supreme Court, and the appellee recover judgment in the Supreme Court, although for a less sum than he recovered in the County Court, it is an affirmance of the judgment of the County Court, within the meaning of the condition of the recognizance for the prosecution of such appeal

It is not necessary for the appellee in such case to take out execution on the judgment, in order to charge the bail on their recognizance.

In a declaration on such recognizance, it is necessary for the plaintiff to aver that the defendants have not answered, or paid the intervening damages and costs

THIS was a *scire facias* brought on a recognizance entered into before the County Court, by the defendants, on an appeal from a judgment rendered in that Court, August term, 1811, in favour of the plaintiff, David Page, Jr., against J. Johnson, one of the defendants. The condition of the recognizance was, that J. Johnson should prosecute his appeal prayed out, at the next term of the Supreme Court, &c. to effect, or answer and pay all intervening damages and cost, in case judgment should be affirmed.

The *scire facias* set forth, that J. Johnson entered his appeal at the then next term of the Supreme Court, and suffered judgment by default, and damages were assessed at $1386, 37, and judgment was entered for that sum, and for $26, 75 costs of suit (the judgment in the County Court was for $2154.) The plaintiff took out execution therefor, and delivered the same to the Sheriff of the County, who made return thereon, that he had made diligent search for goods, chattels or estate of the said J. Johnson, whereof to satisfy the said execution, but could find none except the amount of $144 50, and that, by direction of the plaintiff, he forbore to commit the body of the said J. Johnson to prison thereon, and therefore returned said execution, not satisfied except as to the sum of $144 50. The defendants demurred to the declaration in the *scire facias*. The County Court thereon rendered judgment for the plaintiff; from which the defendants appealed to this Court.

*Seymour* and *Doolittle*, for the plaintiff.

*D. Chipman*, for the defendants.

The counsel for the defendants contended,

*Addison,*
*January,*
*1815.*

Page
*vs.*
Johnson
et al.

1st. That the condition of the recognizance prescribed by the statute, is, that the appellant shall answer and pay, in case or provided the judgment was not affirmed, as the plaintiff, on the appeal, recovered a less sum, it was a different judgment—not an affirmance of the former judgment.

2dly. That the plaintiff had, from his own shewing, been guilty of neglect. He had not merely neglected to charge the appellant, J. Johnson, in execution, but had directed the officer not to commit him.

3dly. The breach is not well assigned. The condition is in the alternative, that the appellant prosecute his appeal to effect, or answer and pay all intervening damages and costs. It is sufficient if either part be performed. The plaintiff has set forth certain facts, from which he would draw the conclusion, that neither part of the alternative has been performed; but the facts do not warrant such conclusion, especially as to the latter part of the alternative. There is no direct averment, that the defendants have not paid all intervening damages and costs.

On the part of the plaintiff, it was contended, that the recovery of any sum by the plaintiff on appeal, was so far an affirmance of the judgment, and that, from the return of the officer, it appears that the plaintiff had not, and could not obtain satisfaction for his damages and costs. The condition is, that he should be paid—not that he should have the body in execution.

CHIPMAN, Ch. J. delivered the opinion of the Court.

As to the first exception taken on the part of the defendants, the construction has always been as stated by the plaintiff's counsel.— If the appellee again recover on the appeal, it is an affirmance of the former judgment, fully as to the right, and partially as to the *quantum* of damages. It was unnecessary for the plaintiff to set forth the taking out of an execution at all: it would have been sufficient to have stated, generally, that he had been delayed and put to great damages and costs. He might have averred the insolvency of Johnson, and that he could not obtain satisfaction of his judgment. But an averment that Johnson had not answered and paid, is in such case indispensable. Instead of this, the plaintiff has set forth certain facts from which we are to draw the conclusion, that Johnson the appellant has not answered and paid, &c. The facts are,

Page
*vs.*
Johnson
et al.

that the plaintiff recovered judgment—took out execution, and put it into the hands of a proper officer, who returned, that he could find no goods, chattels or estate of Johnson, whereof to satisfy the execution, except as to a small part: Hence, it is deemed a fair conclusion, that J. Johnson has not answered and paid the intervening damages and costs sustained by the plaintiff. It certainly amounts to nothing more than this, that a partial satisfaction, only, had been obtained on the execution, but it affords no legal conclusion, that full satisfaction had, at no time, been obtained or made. There should have been a direct averment, that J. Johnson had never answered and paid the intervening damages and costs. The breach is not well assigned. There must, therefore, be

Judgment for the defendant.