Franklin, January, 1826.

Marvin vs. Wilkins.

---

ASA FULLER, *Treasurer of the county of Franklin,* vs. SHIVERIC HOLMES, *and twenty-one others.*

Franklin, January, 1826.

An action of debt upon a sheriff's official bond, to the county treasurer, cannot be sustained by such treasurer, at the instance of, and for the benefit of *an individual,* who has sustained damage by a neglect of such sheriff, in the duties of his office, assigning *such* neglect as the breach of the condition of the bond.

The remedy for *individuals* against the bail of a delinquent sheriff, is confined to *scire facias* on the bond, in their own names, against such bail, *after* having obtained judgment against the sheriff, and committed him to jail, or obtained a return of *non est inventus* against him.

THE plaintiff declared against the defendants, in a plea, that to the said Asa Fuller, treasurer as aforesaid, they the said defendants render the sum of ten thousand dollars, which to the said Asa, as treasurer as aforesaid, the said defendants justly owe, and from him as treasurer as aforesaid, unjustly detain, for that, whereas, at the session of the legislature of this state, holden at Montpelier, in October, A. D. 1820, the said Shiveric Holmes was duly appointed sheriff within and for the county of Franklin, for the year commencing on the first day of December, A. D.

*Franklin,*
*January,*
*1825.*

*Fuller,*
*county treas.*
*vs.*
*Holmes, et al.*

1820, and the said Shiveric Holmes as principal, and the said other defendants, as sureties, afterwards, on the 24th day of November, A. D. 1820, at St. Albans, in said county of Franklin, personally appeared before the Hon. *Jos. D. Farnsworth,* chief judge of Franklin county court, and became duly recognized, jointly and severally, before said judge, to the said Asa Fuller, treasurer of the county of Franklin, and his successors in office, in the sum of ten thousand dollars, above demanded, conditioned, among other things, that the said Shiveric Holmes should, in all things, well and truly execute and perform the duties of the office of sheriff, within and for the county of Franklin aforesaid, for the year then ensuing, as aforesaid, as by said bond of recognizance, duly entered of record, in the office of the clerk of the said county court, will more fully and at large appear. And the said Asa Fuller, treasurer as aforesaid, further says, that the said Shiveric was thereupon duly sworn into said office of sheriff as aforesaid, and on the first day of December, A. D. 1820, entered upon the duties of said office; and afterwards, to wit, on the 8th day of March, A. D. 1821, and while the said Shiveric so continued to execute the office of sheriff as aforesaid, he the said Shiveric having, on the same day and year aforesaid, committed to his own custody, as sheriff and keeper in chief of the common jail in St. Albans aforesaid, one *Hezekiah Wead,* of Sheldon, in said county, upon an execution in favour of one *Cushing Barr,* of Ashley, in the county of Middlesex, and commonwealth of Massachusetts, duly issued on a judgment rendered upon the confession of the said Hezekiah, before *Caleb Hendee, jr.* a justice of the peace within and for the county of Rutland, at Pittsford, in said county, on the 24th day of June, 1820, for the sum of two hundred nineteen dollars and eighty-one cents, damages, and twenty-five cents costs of confession, said writ of execution being for the sums contained in said judgment, with twenty-five cents more for said writ, signed by said justice, and bearing date the 8th day of January, A. D. 1821; and the said Shiveric, sheriff as aforesaid, having, on or about said 8th day of March, A. D. 1821, admitted the said Hezekiah Wead to the liberties of the said prison, by receiving from the said Hezekiah and proper surety or sureties, a jail bond, predicated on the execution and commitment aforesaid, afterwards, to wit, on the 15th day of June, A. D. 1821, and before any assignment or delivery of said jail bond, to the said Cashing Barr, and while the said Shiveric so continued Sheriff as aforesaid, he the said Shiveric, as sheriff as aforesaid, and by virtue and colour of his said office, received of the said Hezekiah Wead, the full amount contained in said writ of execution, and thereupon cancelled, discharged and gave up to the said Hezekiah Wead the jail bond aforesaid. And the said Asa Fuller, treasurer as aforesaid, further says, that the said Cashing Barr having first duly demanded of the said Shiveric, sheriff as aforesaid, the amount of said execution, so by him received, as aforesaid, and having also demanded said jail bond, and an assignment thereof, all which be-

ing refused by the said Shiveric, duly instituted and commenced
his proper action of *assumpsit* against the said Shiveric, sheriff as aforesaid, to recover the amount of said execution, so receiv-
ed by the said Shiveric, sheriff as aforesaid; which action being
duly entered in the Supreme Court, holden at St. Albans, within
and for the county of Franklin, on the last Tuesday save one,
of December, A. D. 1821, such proceedings were thereon legal-
ly had, that by the consideration of said Court, holden at St.
Albans aforesaid, for the county aforesaid, on the last Tuesday
save one, of December, A. D. 1823, the said Cushing Barr re-
covered a judgment in his favour, against said Shiveric, in the
suit aforesaid, for the sum of two hundred sixty-two dollars and
fifty-six cents, as by the record thereof, here in Court ready to
be shown, will more fully appear.   And afterwards, to wit, on
the 6th day of January, A. D. 1823, and within thirty days from
the rendition of said judgment, the said Cushing Barr prayed out
his writ of execution on the said judgment, and afterwards, and
within thirty days from the rendition of the judgment aforesaid,
delivered the same to *Joseph Weeks*, then and still sheriff of said
county, to levy, serve and return, who afterwards, on the 6th
day of March, A. D. 1823, made return of the same, into the
office of the clerk of said Court, wholly unsatisfied; and said
judgment remains in full force and effect, not reversed, annulled,
set aside, paid or satisfied; and so the said Asa Fuller, treasurer
as aforesaid, says that the said Shiveric Holmes did not, for the
year aforesaid, well and truly execute the duties of the office of
sheriff for said county of Franklin; by reason whereof, the said
bond of recognizance hath become forfeited, and due to the said
Asa Fuller, treasurer as aforesaid, and in the capacity as afore-
said ; and an action hath accrued to the said Asa Fuller, treasur-
er as aforesaid, in the capacity as aforesaid, to demand and have
of the defendants, the said sum of ten thousand dollars, contain-
ed in said bond of recognizance.   Yet the defendants, though
often thereto requested, have never paid to the said Asa Fuller,
treasurer as aforesaid, the said sum of ten thousand dollars, or
any part thereof, but to pay the same, have ever refused and
neglected, and still do refuse and neglect; which is to the dam-
age of the said Asa Fuller, treasurer as aforesaid, and in his said
capacity, five hundred dollars; to recover which debt, with said
damages and just costs, this suit is brought.

To this declaration the defendants demurred, both generally
and specially.   Ten special causes of demurrer were set down.
And now at this term, the cause was solemnly argued on both
grounds; but the decision of the Court rendering any opinion
upon the special causes of demurrer unnecessary, this part of the
case, and the arguments thereon, are omitted.

In support of the general demurrer, it was contended, that an
action of debt on the recognizance, since the revision of the
statutes in 1797, lies only where the state, county, or the pub-
lick are interested.   That the remedy of Cushing Barr, if any, is
by *scire facias.*---Stat. 200, ch. 27, *No.* 1---ibid. 101, ch. 7, *No.* 22.

*Franklin,*
*January,*
*1826.*

*Fuller,*
*county treas.*
*vs.*
*Holmes, et al.*

For the plaintiff, it was contended, that the legislature, in di-
recting the sheriff to execute a bond to the treasurer of the coun-
ty, clearly intended, that the bond should furnish a remedy, as
well for injuries sustained by individuals, through malfeasance or
neglect of duty in the sheriff, as to the county. That the con-
dition prescribed, is, that the sheriff faithfully perform and dis-
charge the duties of his office, and *every part thereof*, which must
as well relate to individuals as to the county; otherwise there
would be no propriety in giving to individuals the right of main-
taining a *scire facias* on the bond. (*See Stat.* 70, 101.) That
such is the construction which has heretofore been given to the
statute by the Supreme Court.

That there is no other person to whom the bond could so
properly be given, as to the county treasurer; as it must be giv-
en to some one, other than the person who is to have the benefit
of it: and the treasurer holds the bond in trust, for whoever
is entitled to a remedy on it. (*See* 4 *Mass. Rep.* 68, *Thompson*,
treasurer, vs. *Phillips and others*, where the same doctrine is re-
cognized.) That, though a *scire facias* is allowed by the statute,
in certain cases, yet, cases often exist, where a party cannot
have this remedy, as in case of the death of the sheriff, or his
absconding before suit; and it is to be presumed, that the object
of the legislature in giving a remedy by *scire facias* in the first
instance, was to save expense, and expedite the remedy. Oth-
erwise, the creditor might be delayed by a suit on the bond, for
the benefit of some particular creditor.

The opinion of the Court was delivered by

SKINNER, Ch. J. This is an action brought upon an official
bond of recognizance, entered into by S. Holmes, as principal,
Danforth, Aynsworth and others, as sureties, to the treasurer of
the county, for the faithful execution of the duties of the office
of sheriff. The treasurer complains of a breach of the bond, ac-
cruing by the neglect of the sheriff, to assign a jail bond to one
Cushing Barr, or to pay over to him the amount of money col-
lected on a writ of execution in his favour, against one Hezekiah
Wead. Whether the action of debt, in such case, will lie in the
name of the county treasurer, is the most important question aris-
ing out of the pleadings; and the result of our opinion thereon,
has rendered it unnecessary to examine the various special caus-
es of demurrer.

If such action can be maintained, it must be by force of the
statute, which points out the objects, and form of the recogni-
zance, and determines the liability of the bail. By the English
law, no such action will lie against the sureties of the sheriff, and
no common law authority is relied upon by the plaintiff, to justi-
fy the proceedings.

As the instances of bankrupt sheriffs are not unfrequent in the
state, if no other remedy against the bail was given to an indi-
vidual, who may sustain damage by his neglect, the necessity of
giving to the statute the construction contended for by the

Franklin,
January,
1826.

Fuller,
county treas.
vs.
Holmes, et al.

plaintiff, would be more apparent; but it is believed the legislature have pointed out a specifick remedy, in every case in which they intended the bail should be subjected. On recurring to the statute, we find that, for every injury (excepting in the case of the *death* of the sheriff,) ample remedy is provided; and although judgment must, in the first instance, be obtained against the sheriff, before any proceeding can be had against the sureties, and the party thereby subjected to some delay, yet there seems to be great propriety in requiring the party to pursue the ordinary course of first prosecuting the sheriff, and if satisfaction can be obtained from him, the bail ought not to be harrassed with suits.

Should the claims against the sheriff exceed the amount of the recognizance, if an action of debt thereon, and *scire facias* upon the judgment rendered therein, may be maintained at the suit of the treasurer, for the benefit of such persons as may have been damnified by the sheriff's neglect; the whole amount of the bond may thus be exhausted, and the sureties discharged from any farther liability; though, from the effects of the sheriff alone the executions may have been satisfied. The additional security intended by the bond, would, in such case, wholly fail.

The remedy, here pursued, is but partial----one action of debt only, upon the bond, in the name of the treasurer, can be prosecuted. The claimant, therefore, at whose instance the suit is brought, is the only one to be benefited thereby; and if writs of *scire facias*, in the name of the treasurer, are afterwards prosecuted upon the judgment, by different claimants, this would not impede the pursuit of others, under the statute, by *scire facias*, in their own names, upon judgments rendered against the sheriff. Much embarrassment, if not insurmountable difficulties, may arise in permitting these different remedies, in the names of the treasurer, and of others, to be pursued; and as no precedent is found, to authorize proceedings thus complicated, the plain remedy provided by the statute, ought alone to be sanctioned. The opinion, that this was the intention of the legislature, is strengthened, by recurring to the remedy given by statute upon bonds taken by the judges of probate; as also by an examination of the several acts that have been passed upon this subject, and the uniform course of legislation, in requiring indemnity for costs.

It is presumed, that under the act of 1779, in which the condition of the recognizance was not only general, for the faithful execution of the duties of the office, but also special, for *answering all such damages as any person or persons should sustain*, &c. as no particular provision was made for such person to prosecute, actions in the name of the treasurer, for the benefit of the persons aggrieved, were sustained. The treasurer was probably considered as trustee of the recognizance, for the use of the persons damnified; but to what authority the person applied for liberty to prosecute, or how costs were secured, we are not advised.

*Franklin,*
*January,*
*1826.*

*Fuller,*
*county treas.*
*vs.*
*Holmes, et al.*

The same language in the condition of the bond is preserved in the statute of 1787 ; but in the revision of the laws, in 1797, the language is changed, and that part of the condition, before mentioned, is omitted ; and at the same time particular provision is made for any person to prosecute in his own name, by *scire facias,* after judgment obtained against the sheriff. If this remedy was intended as cumulative only, no reason can be assigned, why the terms of the condition, that had been so long and repeatedly used in the statute, and in which the damages of any person aggrieved were specially noticed, should have been changed. In looking at the statutes of several of the states, it is found, special provision is made for the prosecution of the sheriff's bonds, by the person who has sustained damage through his neglect. The decision of the case in Massachusetts, referred to by the plaintiff's counsel, is entitled to respect ; but it is evident, the consideration that no provision was made for the person aggrieved, influenced the court in giving the construction to their statute ; and it seems by a subsequent statute, a remedy is specially provided. The treasurer is not required to permit a suit to be prosecuted in his name ; and security for costs, which in all other cases is required, is not provided for. It would be a reproach upon the legislature, to say they had authorized any and every citizen, at their pleasure, to harrass with suits, in the name of a publick officer, the sheriff and his bail, at the expense of the publick ; or, what would be equally extraordinary, at the expense of the persons so prosecuted.

Judgment, that the declaration is insufficient.

*Benj. Swift* and *John Smith,* for the plaintiff.

*Asa Aldis, Jas. Davis* and *Seth Wetmore,* for the defendants.