BUTLER COUNTY (CURTIS v.). See Case No. 3.500.

BUTRICK (HICKS v.). See Case No. 6,458.

BUTT (ELLETT v.). See Case No. 4,384.

BUTT (INGRAM v.). See Case No. 7,047.

BUTT v. The NORFOLK. See Case No. 10,-297.

## Case No. 2,246.

### BUTT v. STINGER.

[4 Cranch, C. C. 252.] [1]

Circuit Court, District of Columbia. Nov. Term, 1832.

BOND ON APPEAL—WHEN CONDITION BROKEN.

The condition of an appeal-bond is broken unless the judgment be reversed in toto.

[Cited in Hopkins v. Orr, 124 U. S. 515, 8 Sup. Ct. 592.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

At law. Appeal from the judgment of a justice of the peace. Stinger had obtained judgment before Robert Clarke, Esq., a justice of the peace, against Robert Ritchie, who appealed, and gave an appeal-bond, with Butt as his surety. The condition of the bond was, that if Ritchie "shall not prosecute his appeal with effect, according to the directions of the act," (the Maryland act of 1791, respecting small debts,) "and also pay and satisfy to" Stinger, his executors, &c., "in case the said judgment shall be affirmed, as well the said damages and costs adjudged by Robert Clarke, from whose judgment this appeal is made, and also all costs and damage that shall be awarded by the court before whom this appeal shall be heard, tried, and determined, then this bond to remain in full force and virtue, otherwise to be of no effect." Upon the appeal the judgment was reserved, and the court, proceeding to give such judgment as the justice ought to have given, rendered a new judgment for a less sum. Upon this appeal-bond, Stinger warranted Butt, and claimed the amount of the new judgment, and recovered judgment therefor before Mr. Justice Clarke. From this judgment on the appeal-bond, Butt appealed.

Mr. Hellen, for appellant, contended that the condition of the bond was not broken, inasmuch as Ritchie did prosecute his appeal with effect; and the judgment of the justice was not affirmed, but reversed.

Mr. Giberson, for appellee.

THE COURT (CRANCH, Chief Judge, contra) affirmed the judgment, being of opinion that the judgment against Ritchie was to be considered as affirmed in part; and that the reversal was only necessary in point of form, so as to get at the substantial merits of the case; and that the condition of the bond is to be considered as covering any sum which the appellee might recover in this court.

CRANCH, Chief Judge, was of opinion that the condition of the bond was not broken, and could not be, unless the judgment of the justice should be affirmed in toto.