### JONATHAN HOLMES *v.* HART WOODRUFF.

In *scire facias* against the recognizor upon an appeal a tender can only be a good defence to the claim for additional costs; and if a plea of tender be interposed as a defence to the entire action, it must expressly deny the existence of any intervening damages; but if, upon issue joined upon such plea, it be

found that intervening damages had accrued, but that a bar to their recovery, either temporary or absolute, has been created, this might be treated as equivalent to satisfaction of the damages, and so the plea be allowed to prevail.

But where it appeared, that the plaintiff had caused to be attached upon the writ in the original suit personal property sufficient to have paid his final judgment in full, and that, through the negligence of the sheriff, this property had been eloigned, and that the plaintiff had duly taken out execution upon his final judgment and perfected his right of action against the sheriff for such negligence by causing the proper demand to be made, it was held, that the existence of such right of action against the sheriff constituted no bar, either absolute or temporary, to the plaintiff's right to bring *scire facias* upon the recognizance for the appeal.

And where it appeared, in such case, that the appellant, at the time the appeal was taken, had property amply sufficient to have paid the judgment, and that at the time final judgment was rendered against him he was destitute of all property, it was held, that it could not be claimed, that the existence of such right of action against the sheriff constituted a defence to the *scire facias*, as showing that the plaintiff was in as good condition to collect his debt as when the appeal was taken.

But the existence of such right of action against the sheriff may be considered in mitigation of the damages to be recovered upon the *scire facias*, to the extent of its probable value to the plaintiff, had he pursued it with reasonable diligence, to be determined by estimation, in view of those circumstances and contingencies which ought to affect it.

SCIRE FACIAS. The plaintiff alleged, that on the 26th of April, 1841, he recovered judgment before a justice of the peace against one Jonathan Willis for $22,42 damages and 10,02 costs; that Willis appealed to the county court, and the defendant recognized to the plaintiff in the sum of $70, conditioned that Willis should prosecute his appeal to affect and pay all intervening damages, with additional costs, in case judgment should be affirmed; that at the May Term, 1842, of Chittenden county court the plaintiff recovered final judgment against Willis in said suit for $28,00 damages and $41,44 costs; and that the execution issued upon said judgment had been returned unsatisfied. The defendant filed several pleas, but relied, at the trial, upon only his second and sixth. The second plea was, in substance, that the plaintiff had suffered no intervening damages, and a tender to the plaintiff of the full amount of the additional costs. The sixth plea was, a tender of the additional costs.

The plaintiff replied to both these pleas, in substance, that he had suffered damages beyond the amount of the additional costs. Trial by jury, March Term, 1845,—BENNETT, J., presiding.

On trial the plaintiff, having proved the rendition of the judgments described in his writ, gave evidence tending to prove that Willis, at the time the appeal was taken, and until the autumn of 1841, was possessed of attachable personal property, other than that attached upon the original writ, to an amount more than sufficient to have satisfied the final judgment in his favor, and from which the plaintiff might have collected the amount of his judgment, if no appeal had been taken; but that from that time to the time of trial in this suit Willis had been poor and destitute of property. The plaintiff also gave evidence tending to prove, that Willis delivered a note for about $80,00, against one Griffin, to the defendant, to secure him for becoming bail for the appeal,—which note, or the avails of it, the defendant still held.

It appeared, that property of Willis, to an amount more than sufficient to have satisfied the final judgment in the county court, was attached upon the writ in the original suit by one Soule, a deputy sheriff of Chittenden county, and that the property was delivered by Soule to a receiptor; but that the property went back into the possession of Willis and had been disposed of, part by him and part by the receiptor, as early as the autumn of 1841. It also appeared, that on the 14th day of June, 1842, which was immediately upon the adjournment of the county court at the term at which the final judgment was rendered, the plaintiff took out execution upon this judgment and delivered it to one Blodgett, a deputy sheriff, to collect; that Blodgett, within thirty days from the rendition of the judgment, demanded of George A. Allen, who was sheriff of Chittenden county at the time when the attachment was made by Soule, the property attached upon the original writ, and that the property was not delivered to him; and that Blodgett, being unable to find any property, on which to levy, returned the execution, August 13, 1842, into the clerk's office, with his return of *nulla bona* indorsed thereon. The property was never demanded of the receiptor.

It also appeared, that the defendant, in October, 1842, tendered to the plaintiff the amount of the additional costs in the original suit, subsequent to the appeal, together with the interest thereon,—

which the plaintiff refused to receive; and the defendant brought the money into court.

The issue upon the second and sixth pleas was found for the plaintiff; but the court decided, that the attachment of the property upon the original writ, to an amount conceded to be more than sufficient to pay the execution, together with the demand upon the sheriff made within thirty days after the rendition of the final judgment, as above stated, constituted a bar to the plaintiff's right to recover any thing more than the amount tendered to him by the defendant, and directed a verdict for the defendant. Exceptions by plaintiff.

*F. G. Hill* and *A. Peck* for plaintiff.

The decision of the county court assumes, that the delivery of he execution to the second officer and the demand of the property of the first officer, thereby fixing his liability for the property atached on the writ, is a satisfaction of the debt. This is error. The actual taking of property in execution is only a satisfaction *sub modo*, depending on the event; and if it fail to produce satisfaction without any act or fault of the creditor, it is no discharge of the debt; if in the mean time it *suspends*, it does not *destroy*, any other remedy; but however this may be, it is clear, that where the debtor himself, as in this case, retakes the property and thereby prevents an actual satisfaction, the judgment is not discharged. *Pole* v. *Ford*, 2 Chit. R. 125, [18 E. C. L. 273.] *Foster* v. *Collamer*, 10 Vt. 466. But the demand on the sheriff who made the attachment was not a levy, or taking in execution, either actual or constructive; it simply fixed the liability of such sheriff for *laches* in suffering the property to be eloigned. It is no answer to this, that the plaintiff had a remedy by action against the officer who attached property on the writ, nor would it be, if he had a right of action against the second officer for *laches* in the collection of the execution; for the plaintiff had a right to the more speedy remedy by levy of the execution, which he has lost by the appeal. The bail for an appeal is an additional security; and a party who has two securities may pursue either, until he obtains satisfaction. *Blumfield's Case*, 5 Co. 87. *Higgins' Case*, 6 Co. 45. *Drake* v. *Mitchell*, 3 East 251. *Macdonald* v. *Bovington*, 4 T. R. 828. Chit. on

Bills 111, 346. *Foster* v. *Jackson*, Hob. 52. *Roger* v. *Davis*, 1 Aik. 296.

If no appeal had been taken, the plaintiff might have taken execution, and thereby collected his debt, independent of the property attached; but, between the appeal and the final judgment, Willis had become insolvent, and his whole property, including that attached, had been disposed of; so that the plaintiff, by the appeal, lost all means of collecting his debt through the medium of execution on that judgment. This is "intervening damages," to the amount of the judgment. The bail is a guarantor of the direct, certain and speedy remedy by execution; and the intervening damages to the plaintiff and the liability of the defendant are not to be affected by any collateral remedy by action. To allow the bail to protect himself behind the plaintiff's right of action against the attaching officer makes him the bail, or guarantor, of the officer, and not of the *judgment debtor*.

The liability of the bail for the appeal was fixed and absolute on the recovery of final judgment,—and this, without taking out execution. The liability of the attaching officer was not fixed, until execution was taken out and the property demanded. How, then, can this subsequent act of charging the officer, which was wholly unnecessary, discharge the bail, who was already charged. *Page* v. *Johnson*, 1 D. Ch. 338. *Pole* v. *Ford*, 18 E. C. L. 273.

*Kasson & Buckley* and *Smalley & Phelps* for defendant.

The condition of the recognizance is, that the appeal shall be prosecuted to effect, or that the recognizor will pay, first, the additional costs,—second, all intervening damages occasioned by *delay*. The costs and interest have been tendered, with nominal damages. Has the plaintiff sustained farther damage by the delay? If damage has resulted from other causes than delay, it is no breach. The property attached was in the custody of the law, awaiting the judgment. It was sufficient to have satisfied the judgment; and if it be lost, it is through the act of others than this defendant, or his privies, *and not by the delay*. If the creditor is at liberty to set up the default of the officers of justice as the breach of the recognizance, and as the result of the *delay*, it ought to be only upon the con-

dition, that by the delay such officers and their bail have become insolvent, so that he has lost his debt thereby.

If it be objected, that in this case the property went back into the hands of the debtor, we answer, first, that that was not occasioned by the delay, but by the act of the sheriff; and second, if it were, still the case does not show he had the benefit of it, but that the *receiptor* disposed of a part of it; and the receiptor is the agent of the sheriff. The sheriff is either the agent of the law, or of the creditor; if of the former, then " The law injures no man ;" if of the latter, then the creditor "shall not have advantage of his own wrong."

Moreover, there is always an equitable obligation resting on a creditor towards a mere *surety*. The surety has a right to be subrogated to all the rights and securities of the creditor, if he pay the debt. In this case the defendant, when he became bail, had a right to rely on the attachment, receipt, sheriff, &c.; and the creditor was not at liberty to lose his lien on the property, or the receipt. But here he neglected to charge the receiptor, and the property, it is said, is lost thereby; he ought not now to call on the surety, on any equitable principle. *Allen* v. *Ogden,* 12 Vt. 9. *Oliver* v. *Chamberlain,* 1 D. Ch. 41. *Warner* v. *Hall,* 5 Vt. 156. The creditor has still the right to and can collect his debt from the sheriff; and if he can, it is not lost, and consequently he cannot be *damaged* in this behalf. Here is a clear means of satisfying the judgment out of the property attached; and it is difficult to perceive how, in such a case, the creditor can be said to be damnified by the *delay,* except *nominally,* and this is cured by the tender.

The opinion of the court was delivered by

Royce, Ch. J. The case is here for revision in reference only to the second and sixth pleas in the court below, and the decision there made as to the legal operation of the facts proved. Both pleas profess to answer the whole declaration, and both rely on the tender.

No tender can be a good defence, in a case of this kind, to the claim for intervening damages. It can only apply to the additional costs. And if a plea of tender be interposed as a defence to the entire action, it must expressly deny the existence of any interven-

ing damages. An express or implied admission, that such damages have accrued and remain unsatisfied, will necessarily vitiate the plea. The reason is, that the damages being unliquidated, and altogether uncertain, the claim is not liable, either at common law or by statute, to be met by the defence of tender. *Green* v. *Shurtliff et al.*, 19 Vt. 592. And hence the sixth plea would doubtless have been demurrable.

In this case the county court found that intervening damages had accrued, but decided that a right of action, perfected against the sheriff for the property attached, constituted a bar to their recovery in the present suit. And we are disposed to concede, that, if a bar were thus created, either temporary or absolute, it might be treated, for the purposes of that trial, as being equivalent to satisfaction in regard to the damages, and the pleas might be allowed to prevail.

There could be no temporary bar in the case, unless the plaintiff was legally bound to prosecute his action against the sheriff, before resorting to this defendant upon his recognizance. But such an obligation has never been supposed to rest upon the creditor. It has not even been considered necessary, that execution should be issued upon the final judgment, as a pre-requisite to the right of action on such a recognizance. *Page* v. *Johnson*, 1 D. Chip. 338.

Neither could the right of action against the sheriff, *as a mere remedy for damages sustained,* operate as an absolute bar, or as a satisfaction, in discharge of this defendant. For it is not in accordance with established principles of common law, that an unsatisfied remedy against one person should work an extinguishment, or satisfaction, of a distinct remedy against another person, without some contract to that effect, or without something tantamount to a legal merger of one remedy in the other. Another difficulty is also encountered in treating the remedy against the sheriff as a bar, or a satisfaction. If in either way it discharged the defendant in reference to the intervening damages, it would seem that it equally discharged him in regard to the additional costs. For his obligation to pay the one was no more explicit, or peremptory, than to pay the other, and it was admitted that the property attached was amply sufficient to have paid both. And to hold that in such a case the bail

is absolved from *all* liability would be going farther than the defendant or any one else has ever claimed.

It was therefore only as evidence that no intervening damages had accrued, and not as a bar in the correct sense of that term, that the proof of the remedy against the sheriff tended to support the defence.  And, notwithstanding the repugnancy, which, in this view, will appear between the finding of the issues and the judgment rendered, if it can be maintained, that with that remedy the plaintiff was in as good a condition to collect his debt as when the appeal was taken, it will result, that he sustained no intervening damages, and the judgment should be affirmed.  But in order to establish that proposition, nothing can be taken into account for the delay, trouble, and expense beyond taxable costs, which would probably attend the prosecution of that remedy, and it must be assumed, that the remedy, if duly pursued, would have been as certain to produce a satisfaction of the debt, as would have been the right of taking immediate execution upon the judgment of the justice.   We think the proposition must evidently fail of support.   The case finds, that at the time of the appeal, and for some six months afterwards, Willis, the debtor, had attachable personal property, other than that attached in the suit, sufficient to have satisfied the judgment against him ; and that before the recovery of the final judgment he had become poor and wholly destitute of such property.   This shows, that, but for the appeal, the plaintiff would doubtless have realized his debt within the life of an execution.   It also indicates what the result proved,—that as the attached property had been eloigned, nothing could finally be collected upon execution against Willis.   Can it, then, be claimed, that, when the plaintiff was left with nothing but a cause of action against the sheriff, his facilities of collection had not been impaired?   He had been deprived of the right to enforce a speedy payment of his debt, without incurring additional expense, and thrown upon a remedy which could only be enforced by farther litigation.   But even that remedy was not sure to produce a satisfaction.   The sheriff might prove to be irresponsible ; and in case of his death before the recovery of judgment against him, (an event which has in fact occurred,) the law had provided no means for reaching his bail.   Slade's St. 70, 102.   *Fuller* v. *Holmes*, 1 Aik. 111.   Rev. St. 166.

Holmes *v.* Woodruff.

The facts, then, made a clear case of intervening damages against the defendant, to the amount of the debt, unless he was entitled to insist on the remedy against the sheriff in mitigation. It is contended, that he was not, but that, as the remedies were distinct and independent, the plaintiff had a right to avail himself of the full benefit of each, until he obtained satisfaction. It is true, that such remedies are independent of each other, and in their nature totally dissimilar. One arises upon contract, (substantially a contract of indemnity,) and the other from official misconduct, or neglect. The extent of liability is often different, and there is no privity or right of contribution between them. But for these very reasons the creditor ought not to be indulged in a capricious and inequitable choice between parties thus collaterally liable, regardless of the order in which their liabilities were assumed. Here the attachment was the prior security, and may have had its influence with the defendant, when he consented to become bail for the appeal. It is stated, indeed, that he received from the defendant a certain note by way of indemnity; but whether that security was in fact available, the case does not distinctly find. And if we take the case to have been one where a loss was to fall upon the defendant, or the sheriff, it would seem but reasonable and just, as between them, that the sheriff, who incurred the first liability by attaching the property, and was first in fault by permitting it to be eloigned, should have borne the loss. Of all this we must suppose the plaintiff to have been aware. And hence we conclude, that the remedy against the sheriff might properly have been considered in mitigation of damages, to the extent of its probable value to the plaintiff, had he pursued it with reasonable diligence. That value could only be determined by estimation, in view of those circumstances and contingencies which ought to affect it.

Judgment of county court reversed, and cause remanded for another trial.