ORR and others *v.* HOPKINS.

January Term, 1884.

APPEAL-BOND—REMITTITUR—LIABILITY OF SURETIES.

Where the substantial ground of the appeal is that there is no evidence to sustain a judgment in any amount whatever, and the decision of this court is that the appellees file a *remittitur* of the excess of interest awarded them in the court below, and have the judgment affirmed as to the residue, or else submit to a reversal and a trial *de novo*, this does not amount to such a reversal of the judgment as will release the appellant's sureties on the appeal bond.[1]

*Catron & Thornton,* for appellees.

*W. B. Childers,* for appellant.

BRISTOL, J.   This case was argued and submitted at the last term. A decision was rendered during vacation to the effect that the judgment below was in excess of the amount in which appellees were entitled to recover upon their declaration,—the excess being in the amount of interest they were entitled to on the money demand sued on; that the excess of interest being a matter of exact computation, the appellees should have leave until the second Monday of January 1884, to file a *remittitur* of such excess, and if done within that time the judgment below to be affirmed as to the residue, and on failure so to do, the judgment to be reversed and the cause remanded for a new trial.   The *remittitur* was filed within the time specified, but the judgment of this court has been delayed for the determination of the question whether its rendition should be against the appellant's sureties on his appeal bond, as well as against himself, or against himself alone.   The question is presented on the motion of the appellees that judgment be rendered as well against the sureties as the appellant.   The sureties have appeared by counsel and resist the motion.

[1] See note at end of case.

The provisions of the statute in relation to this question are as follows:

"In case of appeal in a civil suit, if the judgment of the appellate court be against the appellant, it shall be rendered against him and his securities in the appeal bond." Prince, St. p. 242, § 5.

The judgment of this court, under our previous ruling, must necessarily be rendered against the appellant, but it is claimed by counsel for the sureties that inasmuch as the judgment appealed from has been modified by this court, the sureties are discharged from liability.

The statute in regard to appeal bonds in appeals to this court is as follows:

"Upon the appeal being made, the district court shall make an order allowing the same. Such allowance shall stay the execution, * * * when the appellant, or some responsible person for him, together with two sufficient securities, to be approved by the court during the same term at which the judgment or decision appealed from was rendered, enters into a recognizance to the adverse party in a sum sufficient to secure the debt, damages, and costs recovered by such judgment or decision, together with the interest that may grow thereon, and the costs and damages which may be recovered in the supreme court: conditioned that the appellant shall prosecute his appeal with due diligence to a decision in the supreme court, and that if the judgment or decision appealed from be affirmed, or the appeal be dismissed, he will perform the judgment of the district court, *and that he will also pay the costs and damages that may be adjudged against him upon his appeal.*" Id. p. 68, § 4.

The condition of the appeal bond in this case is in compliance with the above statute on the subject; and in case of an affirmation of the judgment, or a dismissal of the appeal, it covers not only payment of the judgment appealed from, but also all damages and costs that shall be adjudged against the appellant by this court. The precise point on which the *remittitur* was permitted to be filed in this court was not raised in the court below. It is true, however, that there were general objections and exceptions to all the proceedings, including all the evidence adduced on the trial; but it is quite evident, from an examination of the record, that the gist of the defense was that there was no evidence to sustain a judgment in any amount whatever, and this also is the substantial ground of the appeal. Neither was this question raised by counsel in this court. It was raised for the first time by this court on its own motion, which, no doubt, it might do, in the exercise of its discretion in the furtherance of justice; the statute against entertaining any exception not taken in the court below being directory and permissive only. On the case as submitted, either of these modes of final disposition was open to us. Under the statute, that "no exception shall be taken in an appeal to any proceeding in the district court, except such as shall have been expressly decided in that court," (Id. p. 68, § 5,) we might have affirmed the entire judgment on this ground. That the question as to the excessive interest was not

raised in the court below, or in any manner alluded to by either party, and was not, therefore, specifically ruled on, (6 Wall. 225,) or the excessive interest, being a matter of exact computation, we might have given judgment for the proper amount in this court under the following provision of the statute: "The supreme court, in appeals or writs of error, shall examine the record, and on the facts thereon contained alone shall award a new trial, reverse or affirm the judgment of the circuit court, *or give such other judgment as to them shall seem agreeable to law.*" Id. p. 69, § 7. Or we could, as was done in this case, give the appellees their option to file a *remittitur* covering the excessive interest, and have the judgment affirmed as to the residue; otherwise, to submit to a reversal and trial *de novo.* Neither of these modes of disposition can be considered as a reversal so as to discharge the securities on the appeal bond, except on failure to file the *remittitur.* Had the point as to the excessive interest been raised in the court below and overruled and excepted to, the case, no doubt, would have been viewed from a different standpoint; but that specific question not having been raised or ruled upon, the appeal cannot be considered as having been taken to correct that irregularity. It may be fairly presumed that, had the point been raised, the irregularity would have been promptly corrected in the court below.

The cases of *Rothgerber* v. *Wonderly,* 66 Ill. 390, and *Chase* v. *Ries,* 10 Cal. 517, are much relied on by the sureties in this appeal bond as authority showing their exemption from liability; but in each of those cases the judgment appealed from was actually reversed and remanded to the court below, with instructions to enter a different judgment. In the case at bar there is no such reversal and remanding for a different judgment.

The judgment of this court upon our previous ruling should affirm the judgment below, after deducting therefrom the amount of the *remittitur* filed as aforesaid, and that the appellees recover of the appellant and his securities named in his appeal bond the specified amount of such residue and their costs, and that they have execution therefor.

AXTELL, C. J. I concur.

### NOTE.

APPEAL-BONDS — LIABILITY OF SURETIES. The judgment in this case was affirmed in the supreme court of the United States, Mr. Justice GRAY delivering the opinion. As to the remission of interest, he says: "By the judgment of the supreme court of the territory, affirming the judgment of the district court as to the principal sum due, and also as to interest to the extent of 6 per cent. upon the plaintiff's remitting the excess of 4 per cent. interest, the judgment of the district court was affirmed, within the meaning of the territorial statutes and of the appeal-bond. Butt v. Stinger, 4 Cranch, C. C. 252; Page v. Johnson, 1 D. Chip. 338." 8 Sup. Ct. Rep. 590.

In an action against two persons, the surety on the appeal-bond is not discharged by a discontinuance in the appellate court as to one of them, who is there shown to be a. minor. Taylor v. Dansby, (Mich.) 3 N. W. Rep. 267. Where the defendant neglected to avail herself of the defense of coverture, the sureties on her appeal-bond cannot set it up as a defense, in an action against them. McCormick v. Hubbell, (Mont.) 5 Pac. Rep. 314. The appellant's failure to file his transcript within the time allowed by law

does not release the sureties on his appeal-bond, when the appeal is not in fact dismissed for his neglect. And it seems that they are liable even though it is dismissed. Thalheimer v. Crow, (Colo.) 22 Pac. Rep. 779. The sureties are liable even though the case was not appealable. Gudtner v. Kilpatrick, (Neb.) 15 N. W. Rep. 708. When the appeal has been perfected, a dismissal thereof is equivalent to an affirmance of the judgment below, and the sureties on a bond conditioned to satisfy the judgment and costs, in case of affirmance, are still liable. Coon v. McCormack, (Iowa,) 29 N. W. Rep. 455. On appeal from a justice's judgment, the sureties are liable for the amount thereof, as well as the costs, even though the appellant dismiss the appeal. Fitzgerald v. Wellington, (Kan.) 15 Pac. Rep. 582.

Where an appeal-bond was signed by two defendants and a surety, and the judgment was affirmed as to one defendant, but reversed as to the other, the latter was not discharged from liability on the bond, but was liable to reimburse the surety, who paid the judgment against the former. Cotton v. Alexander, (Kan.) 4 Pac. Rep. 259. But see Warner v. Cameron, (Mich.) 31 N. W. Rep. 42. And on appeal from a joint judgment against a number of defendants, the sureties on the bond are liable although the judgment was reversed as to all but one. Gilpin v. Hord, (Ky.) 3 S. W. Rep. 143. So in an action on a contract and for foreclosure of a chattel mortgage, the sureties on the appeal-bond are liable, although the appellant prevails as to the mortgage, but not as to the judgment. Cotulla v. Goggan, (Tex.) 13 S. W. Rep. 742. But where, in replevin, the court found that the right of property and the possession was in the plaintiff, but failed to enter judgment in accordance therewith, and an appeal was taken, and dismissed for want of a judgment, the appeal-bond was held to be a nullity. Brounty v. Daniels, (Neb.) 36 N. W. Rep. 463.

On appeal to the general term from a judgment of foreclosure, the sureties bound themselves to pay any deficiencies which should occur on a sale of the mortgaged premises. Pending an appeal to the court of appeals from a judgment of affirmance defendant obtained a stay of proceedings by giving a bond like the first, but for a larger amount. Held, the sureties on the original bond were not released, although the latter appeal was against their wishes, and the property depreciated in value. Mackellar v. Farrell, (Super. Ct. N. Y.) 8 N. Y. Supp. 307. A judgment entered on *remittitur* from the court of appeals remains in force, and an action on the appeal-bond lies, notwithstanding that the *remittitur* has been subsequently remanded to the court of appeals. Murray v. Jones, (City Ct. N. Y.) 2 N. Y. Supp. 486.

The liabilities of the sureties on an appeal-bond cannot be extended by implication. They have a right to stand upon the exact letter of their contract. Henrie v. Buck, (Kan.) 18 Pac. Rep. 228. And they are not liable for a judgment against their principal in another action on the same demand, although the action in which the bond was given was enjoined. Bank v. Hudgins, (Ga.) 10 S. E. Rep. 501. But, on the other hand, a debt due from the appellees to the appellant cannot be set off in favor of the sureties, in an action upon the appeal-bond, where the appellant is not a party to such action. Thalheimer v. Crow, (Colo.) 22 Pac. Rep. 779.

The surety is estopped by the recitals of his bond from denying that an appeal has been taken, although the appeal was in fact abortive, because of failure to file the bond in the time allowed. Adams v. Thompson, (Neb.) 26 N. W. Rep. 316; Meserve v. Clark, (Ill.) 4 N. E. Rep. 770. Also to deny that judgment below was rendered against the principal. Thalheimer v. Crow, (Colo.) 22 Pac. Rep. 779. Any misrepresentation of the justice accepting the bond as to the liability of the surety cannot affect the latter's liability, when not brought to the notice of the judgment creditor. Davenport v. Searfoss, (Pa.) 13 Atl. Rep. 956.

Where, on appeal from a justice's judgment, the undertaking is to pay the amount remaining unsatisfied of any judgment rendered against the appellant after the return of execution against him, an amendment above increasing the sum claimed does not release the sureties. Hare v. Marsh, (Wis.) 21 N. W. Rep. 267.

By the act of signing the bond the sureties submit themselves to the jurisdiction of the appellate court, and are concluded by the judgment, without further notice. Cline v. Mitchell, (Wash.) 23 Pac. Rep. 1013; Phelan v. Johnson, (Iowa,) 46 N. W. Rep. 68.

For further recent decisions as to the liability of sureties on appeal-bonds, see Oakley v. Van Noppen, (N. C.) 5 S. E. Rep. 1; Osborn v. Rogers, 9 N. Y. Supp. 736; Bauer v. Wasson, (Mich.) 33 N. W. Rep. 186.