## Alexander Van Renselaer v. John L. Whiting and another.

*Setting aside judgment as to one joint debtor.* — Where the Circuit Court makes an order vacating a judgment as to one of two joint debtors, its effect is to vacate it as to both.

*Review of matters of discretion.* — Where the Circuit Court has power to vacate judgments, it is a discretionary power; and its action can not be reviewed by the Supreme Court.

*Heard May 11th. Decided July 15th.*

Certiorari to Wayne Circuit.

September 17th, 1861, Van Renselaer recovered judgment against John L. Whiting and J. Tallman Whiting, for $2793.83, in an action of assumpsit on the common counts. In December following J. Tallman Whiting made

affidavit that he was only justly liable for $798 of the judgment, and explained his failure to make defense in due time; and upon this and others moved that the judgment as to him be vacated. The Circuit Court, after hearing the parties, on July 19th, 1862, made the following order:

"A motion to set aside the judgment in this cause having been argued by counsel and submitted, and the Court having duly considered the same, it is ordered that said motion be and the same is hereby granted, and that the judgment heretofore entered in this cause be and the same is hereby set aside and vacated, as to the defendant J. Tallman Whiting."

Van Renselaer sued out certiorari to remove the proceedings on this motion to this Court.

*Newberry & Pond,* for plaintiff in error:

The term at which said judgment was rendered and entered having expired, said Circuit Court had no jurisdiction to vacate or to modify the same, except in correction of some clerical error or omission, and its action in the premises is therefore erroneous: — 2 *Bl. Com.* 314; 2 *Bacon Abr.* 484, *Error, I,* 6; 2 *Tidd Pr.* 860; 25 *Wend.* 222; 1 *Wheat.* 304; 6 *How.* 31; 20 *Mo.* 584; 1 *Bibb,* 346; 3 *Scam.* 170; 7 *Ired.* 346; 5 *Jones,* 415; 1 *Smith,* 287; 13 *S. & M.* 153; 26 *Ala.* 325; 5 *Ark.* 23, 558, 576; 14 *Ark.* 203; 25 *Mo.* 351; 25 *Mo.* 401; 15 *Gratt.* 64; 8 *Cal.* 521; 1 *Ohio,* 168; 20 *Ohio,* 344.

The time within which to move for a new trial is limited by Circuit Court Rule 31, and if this time is not extended (Rule 72,) all power of the Court to vacate judgment is gone: — 3 *Pick.* 512; 2 *Gray,* 402; 12 *Md.* 450; 22 *Ill.* 173; 3 *Green,* 124; 2 *H. & G.* 79. The Court has no discretion to depart from these "laws of the Court," unless such discretion is expressly reserved.

VAN RENSELAER v. WHITING.

*S. D. Miller*, for defendants in error:

The writ of certiorari should be dismissed, as improvi-dently issued: — 5 *Mass.* 420; 15 *Wend.* 198; *Matter of Lantis*, 9 *Mich.* 324.

The Circuit Court had the power to set aside the judgment, notwithstanding the lapse of a term: — *Loree v. Reeves*, 2 *Mich.* 133; *Hurlbut v. Reed.* 5 *Mich.* 30. The theory that a judgment can not be reversed by the Court rendering it after the term has elapsed; originated under a judicial system very different from our own. Under that system, after the *postea* was delivered, the roll was returned to the Court from which it was sent, and the Court trying the cause had no further control: — 2 *Bac. Abr.* "*Error*," 485; 2 *Chit. Bl.* 298.

MARTIN CH. J.:

We do not consider it necessary to discuss the ques-tion whether certiorari will lie in cases like the present, as upon the merits we think the writ must be dismissed. The effect of vacating the judgment as J. Tallman Whi-ting was to vacate it as to the other defendant also; and there is now no judgment in the case. The parties have therefore now all the rights in the Circuit Court which they would have in any case of the vacation of a judg-ment.

Where the Circuit Courts have power to set aside ver-dicts, grant new trials and vacate judgments, it is a dis-cretionary power, the exercise of which we can not review. The present case comes within this principle.

The certiorari must be dismissed, with costs.

CHRISTIANCY and CAMPBELL JJ. concurred.

MANNING J.:

The order in terms sets aside the judgment as to J. T. Whiting only. I think it should have set it aside as

to both defendants, and granted a new trial. My brethren think that is the effect of the order, but it does not so read. The only remedy in cases of this description, where an error has been committed that can be reached by this Court, it seems to me is by mandamus.

*Writ dismissed.*