## HOPKINS *v.* ORR.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF NEW
MEXICO.

Argued January 20, 23, 1888. — Decided February 6, 1888.

A promissory note, upon which the defendant is shown to have admitted his indebtedness to the plaintiff, may be given in evidence under a count for money had and received.

The omission of the word " dollars," in a verdict for the plaintiff in an action of assumpsit, does not affect the validity of a judgment thereon.

Under a statute authorizing an appellate court " to examine the record, and, on the facts therein contained alone, award a new trial, reverse or affirm

the judgment, or give such other judgment as to it shall seem agreeable to law," a judgment on a general verdict may be affirmed, if the evidence in the record supports any count in the declaration.

Under a statute requiring an appellant to give bond, with sureties, to prosecute his appeal to a decision in the appellate court, and to perform the judgment appealed from, if affirmed; and enacting that if the judgment of the appellate court be against the appellant, it shall be rendered against him and his sureties; a judgment of the appellate court, affirming a judgment below for a sum of money and interest, upon the appellee's remitting part of· the interest, may be rendered against the sureties, as well as against the appellant.

THIS was an action of assumpsit, brought April 3, 1882, by Orr and Lindsley against Hopkins in a district court of the Territory of New Mexico. The declaration contained a special count on a promissory note for $1314.65, made by the defendant on October 1, 1881; and the common counts for the like sum due on that day for goods sold, for money lent, for money paid, and ·for money had and received. The plaintiffs filed with their declaration the following note:

" $1314.65.                              St. Louis, October 1st, 1881.

" Four months after date I, the subscriber, of Ft. Wingate, county of ——, State of New Mexico,. promise to pay to the order of Orr and Lindsley (a firm composed of William C. Orr and De Courcey B. Lindsley) thirteen hundred and fourteen $\frac{65}{100}$ dollars, with exchange, for value received, with interest at the rate of ten per cent per annum after maturity until paid, without defalcation or discount, negotiable and payable at 1st National Bank Santa Fé, N. M.

"L. N. HOPKINS, JR."

The description of the note in the special count corresponded with. the note.filed, except that it did not state that the note was payable with exchange and at a particular place. The defendant pleaded non assumpsit and payment.

At the trial, the plaintiffs put in evidence the note filed, and were permitted to read it to the jury, notwithstanding the defendant objected that there was a variance between the note and the declaration. The only other evidence introduced was testimony of the plaintiffs' attorney that on March 7, 1882,

he presented this note to the defendant, and the defendant admitted the indebtedness, and asked him not to bring suit upon it before April 1, and on that day he would pay it, but he failed to do so. The defendant objected to the evidence as incompetent and immaterial. But the court overruled the objection, and instructed the jury to find for the plaintiffs for $1399.48, being the amount of the note with interest computed at the rate of ten per cent.

The jury returned a verdict saying that " they find for the plaintiff in sum of thirteen hundred and ninety-nine and $\frac{48}{100}$." The court overruled motions for a new trial and in arrest of judgment, and gave judgment " that the said plaintiffs do have and recover from the said defendant, Lambert N. Hopkins, the said sum of thirteen hundred and ninety-nine and $\frac{48}{100}$— ($1399.48), and also the costs in their behalf laid out and expended, to be taxed, but that execution shall not issue therefor until further order of the court."

The defendant appealed to the Supreme Court of the Territory, and executed to the plaintiffs a bond, with sureties, the condition of which was that " the said Lambert N. Hopkins shall prosecute his said appeal with due diligence to a decision in the Supreme Court, and that if the judgment appealed from be affirmed, or the appeal be dismissed, he will perform the judgment of the district court, and that he will also pay the cost and damage that may be adjudged against him upon his said appeal." Thereupon the district court allowed the appeal, ordered execution to be stayed while it was pending, and allowed a bill of exceptions tendered by the defendant to the rulings aforesaid.

The Supreme Court of the Territory held that there was a variance between the special count and the note offered in evidence, but that the note was admissible in evidence under the common counts, and that under those counts and the statutes of the Territory the plaintiffs were entitled to recover the sum of $1314.65, with interest thereon computed at the rate of six instead of ten per cent; and ordered that, if the plaintiff should file a remittitur of the excess of four per cent interest, the judgment of the district court be affirmed, but, if they

should fail to do so, the judgment be reversed and the case remanded for a new trial. Thereupon the plaintiffs filed such a remittitur; and the Supreme Court of the Territory affirmed the judgment of the district court against the defendant and the sureties on his appeal bond, and adjudged that the plaintiffs recover against them the sum of $1314.65 and interest at the rate of six per cent. The defendant and the sureties sued out this writ of error.

*Mr. O. D. Barrett* and *Mr. John H. Knaebel* for plaintiffs in error.

*Mr. Henry Wise Garnett* for defendant in error. *Mr. W. B. Childers* was with him on his brief.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

It was not contended in either of the courts of the Territory that any question of fact should have been submitted to the jury; but the contest was upon the sufficiency of the evidence and the verdict, in matter of law, to support a judgment for the plaintiffs.

Upon the testimony that the defendant admitted his indebtedness on the note given in evidence, that note, though varying from the description in the special count, was admissible under the common counts as evidence of money had and received by the defendant to the plaintiffs' use. *Grant* v. *Vaughan*, 3 Burrow, 1516; *Page* v. *Bank of Alexandria*, 7 Wheat. 35; *Goodwin* v. *Morse*, 9 Met. 278. And by the statutes of the Territory the sum so admitted to be due bore interest at the rate of six per cent. Prince's Laws, c. 79, § 4; Comp. Stat. § 1734.

The omission of the word "dollars" in the verdict was not such a defect as to prevent the rendering of judgment according to the manifest intent of the jury, although it might have been more regular to amend the verdict before judgment. *Parks* v. *Turner*, 12 How. 39; *Beall* v. *Territory*, 1 New Mexico, 507, 519.

It was argued for the defendant that under the rule recognized in *Maryland* v. *Baldwin*, 112 U. S. 490, the verdict being general on all the counts, and the evidence not supporting the special count, no judgment could be rendered on the verdict without first amending it so as to limit it to the common counts. But the technical rule of the common law in this matter has been changed by statute in many parts of the United States. *Bond* v. *Dustin*, 112 U. S. 604. In New Mexico, that rule has been abrogated by the statute of the Territory, by which " the Supreme Court, in appeals or writs of error, shall examine the record, and on the facts therein contained alone shall award a new trial, reverse or affirm the judgment of the district court, or give such other judgment as to them shall seem agreeable to law." Prince's Laws, c. 16, § 7; Comp. Stat. § 2190. The manifest object of the statute is, not merely to restrain the appellate court from going outside of the record, but to enable it to render such a judgment as upon a consideration of the whole record justice may appear to require.

The Supreme Court of the Territory was therefore authorized to affirm the judgment rendered by the district court upon the general verdict for the plaintiffs, if the facts contained in the record supported any count in the declaration, as we have seen that they did. And there can be no doubt of its authority to make its affirmance of the judgment conditional upon the plaintiffs' remitting part of the interest awarded below. *Bank of Kentucky* v. *Ashley*, 2 Pet. 327.

The statutes of the Territory further enact that, on an appeal from the judgment of a district court, execution shall be stayed upon the appellant's giving bond, with sureties, such as was given in this case, " conditioned that the appellant shall prosecute his appeal with due diligence to a decision in the Supreme Court, and that if the judgment or decision appealed from be affirmed, or the appeal be dismissed, he will perform the judgment of the district court, and that he will also pay the costs and damages that may be adjudged against him upon his appeal." Prince's Laws, c. 16, § 4; Comp. Stat. § 2194. They also contain a general provision that " in case of appeal

in civil suits, if the judgment of the appellate court be against the appellant, it shall be rendered against him and his securities in the appeal bond;" and this court has adjudged that provision to be valid. Prince's Laws, c. 45, § 5; Comp. Stat. § 2206; *Beall* v. *New Mexico*, 16 Wall. 535; *Moore* v. *Huntington*, 17 Wall. 417.

By the judgment of the Supreme Court of the Territory, affirming the judgment of the district court as to the principal sum due, and also as to interest to the extent of six per cent, upon the plaintiffs' remitting the excess of four per cent interest, the judgment of the district court was affirmed, within the meaning of the territorial statutes and of the appeal bond. *Butt* v. *Stinger*, 4 Cranch C. C. 252; *Page* v. *Johnson*, 1 D. Chip. 338.

The result is, that the judgment of the Supreme Court of the Territory was rightly rendered for the plaintiffs against the sureties in the bond as well as against the principal defendant, and must be

*Affirmed.*