# THE BALTIMORE & OHIO RAILROAD COMPANY
## *v.*
# DOUGHERTY.

ACTIONS, ELECTION OF; MEASURE OF DAMAGES; VERDICTS.

1. Where goods or chattels are lost or injured through negligence by a carrier for hire, an action of contract or tort, at the option of the owner, is maintainable against the carrier; and the measure of damages in either is the value of the goods or chattels at the point of destination, with legal interest.

2. Where the finding of a jury of damages is defective and uncertain, but is capable of being reduced to form and certainty by the court, it is proper for the court to do so by making the calculation from the data furnished in the verdict before rendering judgment thereon.

No. 443. Submitted November 22, 1895. Decided December 6, 1895.

HEARING on an appeal by the defendant from a judgment on verdict in an action against a carrier for hire to recover the value of horses killed in transportation. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Geo. E. Hamilton* and *Mr. M. J. Colbert* for the appellant :

This is clearly an action of tort.    The contract set up by the declaration seems to be alleged for the sole purpose of showing a duty resting upon the defendant, which duty it violated or disregarded to the plaintiff's damage.    Being an action of tort founded upon the negligent breach of a duty created by contract, it was manifest error for the court to allow the jury to award interest *eo nomine* in excess of the sum claimed in the declaration.

Interest by way of damages may be allowed in the discretion of the court or jury, whichever may be the proper forum for the trial of the action.    *Railroad Co.* v. *Jurey*, 111 U. S. 584; *The Scotland*, 118 U. S. 507.    But the Supreme Court has held that in an action of tort the jury should include interest, if at all, in the damages assessed. *Railroad Co.* v. *Harmon*, 147 U. S. 571.    See also *Costello* v. *District of Columbia*, 21 D. C. 508; *Willings* v. *Consequa*, Pet. C. C. 179; *Hinckley* v. *Beckwith*, 13 Wis. 41.

*Mr. H. B. Moulton* for the appellees:

The question of interest, as to whether or not the plaintiff is entitled thereto, in actions both *ex contractu* and *ex delicto*, is for the jury.    In an action against the carrier for loss of goods the measure of recovery is the value of the goods at the place where they were to be delivered and interest from date of loss.    *Railroad Co.* v. *Jurey*, 111 U. S. 584; *Bonner* v. *Blum*, 25 S. W. 60; *Railroad Co.* v. *Haynes*, 1 S. Rep. 765; *Railroad Co.* v. *Dummett*, 23 S. W. 754; *Railroad Co.* v. *Lewis*, 25 S. W. 323; *Lincoln* v. *Claflin*, 7 Wall. 132.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This action was brought by the appellees, Patrick Dougherty and Robert O. Laskey, against the Baltimore and Ohio Railroad Company to recover for the loss of three horses shipped by the appellees as freight on the rail-

road to be carried from Harrisonburg, Virginia, to Washington City, in the District of Columbia, and which horses were killed in the transportation.

The only questions presented on this appeal are, first, as to the right of the plaintiffs to recover interest on the value of the horses from the time of the loss; and, second, as to the form of the verdict of the jury by which interest was allowed.

1. It is not entirely clear whether the declaration is properly in assumpsit, or in case as for a tort; and there is a question made on a supposed difference in the measure of recovery in the two forms of action; it being contended by the defendant that, treating the action as for a tort, no interest is recoverable. But whether the action be in the one form or the other, we think, is quite immaterial to the present question. If the declaration is not strictly framed in assumpsit, but is technically in case, the action is still simply in form for a wrong founded on contract. For whenever goods and chattels of an employer are placed in the hands of a workman to be worked upon, and loss or injury to the chattels or materials be sustained from the negligent execution of the work, an action as for a tort, as well as an action on contract, may be maintained. And the familiar instance of the application of this principle is, where a party delivers goods or chattels to a carrier to be carried for hire, and the goods or chattels are lost or injured through the negligent performance of the work of carrying, an action of contract or of tort is maintainable against the carrier, at the option of the owner of the goods lost. *Brown* v. *Boorman*, 11 Cl. & Fin. 1, 35–43; *Coggs* v. *Bernard*, Smith's Lead. Cas. (6th ed.) 177.

Therefore, in reason and upon principles founded in common sense, there ought to be no difference or real distinction in the two forms of action in respect to the measure of recovery that may be had in each.

The declaration concludes by claiming $450 damages for the loss of the horses, with interest thereon from the date

of the loss, and $41, expenses connected with their transportation, besides the costs of suit. The plea was, not guilty. At the trial, the court refused to instruct the jury, in accordance with the prayer of the defendant, that if they should find for the plaintiff, they were limited to the claim in the declaration, and were not at liberty to allow interest on such sum. The jury, by their verdict, found for the plaintiff, in the sum of $450, the amount claimed in the declaration as the value of the horses, with interest thereon from the date of the loss as alleged, and $6 cost of transportation ; and judgment was rendered on this finding in the terms of the verdict.

It is now insisted that interest should not have been allowed on the sum found to be due as the value of the horses, and that there was error committed by the court in refusing to instruct the jury that interest could not be allowed. But in this contention we do not agree, and think the court right in refusing to instruct as requested.

In the case of *Mobile and Montgomery Railroad Co.* v. *Jurey*, 111 U. S. 584, 596, the instruction of the court below was, that the measure of damages in an action against a common carrier for loss of goods in transit is their value at the point of destination, *with legal interest*; and on review in the Supreme Court of the United States, that instruction, on principle, was conceded to be correct, by both court and counsel, and the only error attempted to be imputed to it was as to the rate of interest that was allowed. And in the case of *Mote* v. *Chicago & N. Railroad Co.*, 27 Iowa, 22, it was held, that in case of loss of property for which the carrier is found to be liable, interest is recoverable upon the value of the property from the date of the loss. Indeed, as was said in the case last mentioned, the amount of the value of the property lost by the plaintiffs became due from the defendant from the date of the loss, and is an indebtedness originating on contract.

2. With respect to the second question, that is more a question of form than of substance. The verdict, it is true,

is informal in pursuing the terms of the declaration in lay-
ing the damages.    It should have included the interest with
the value of the property, as the damages sustained to the
time of trial, instead of finding separately the value of the
property lost, and the interest thereon, without calculation,
from the date of the loss mentioned in the declaration. The
finding, however, was capable of being reduced to form and
certainty by the court, and it was competent to the court to
give the finding proper form, by making the calculation
from the *data* furnished in the verdict, before rendering the
judgment thereon.    The informality cannot in any manner
prejudice the rights of the defendant, and the judgment,
substantially correct as it is, ought not to be reversed on
such technical objection to mere matter of form. *Parks* v.
*Turner*, 12 How. 45, 46; *Hopkins* v. *Orr*, 124 U. S. 510;
*Mobile & M. Railroad Co.* v. *Jurey*, 111 U. S. 584, 593.

It follows that the judgment must be affirmed.

*Judgment affirmed.*