# UNITED STATES SURETY COMPANY *v.* AMERICAN FRUIT PRODUCT COMPANY.

ATTACHMENT; PRINCIPAL AND SURETY; TRIAL; APPRAISEMENT; JUDGMENT; CONSTITUTIONAL LAW; EVIDENCE; APPEAL AND ERROR.

1. Where property in the District of Columbia is attached in the possession of the owner, and a bond given for its release, no appraisement is required, in the absence of a more specific requirement therefor than that evidenced by sec. 455, D. C. Code, [31 Stat. at L. 1189, chap. 854], which provides that in such case, if judgment shall be for the plaintiff, it shall be a joint judgment against the plaintiff and his sureties "for the appraised value of the property." This provision only applies where the value of the property attached is not sufficient to satisfy the attaching creditors' judgment, in which case the trial court ascertains the value of the property and accordingly enters judgment against the surety.

2. Under the common-law rule prevailing in this country to the effect that where a judgment against several defendants is vacated and a new trial granted as to part, the judgment as to all is set aside, objection by the surety on a release bond that a former judgment originally entered against both the defendant and the surety but vacated in terms as to the surety, was not vacated as to the defendant, is properly overruled.

3. Objection by a surety on an undertaking given to secure the release of property attached at the commencement of an action, to a second trial of the action, on the ground that a judgment against the defendant, the principal obligor, remains of record and unreversed, and that there is no issue joined between the plaintiff and the surety, is properly overruled, where the effect of vacating the original judgment as to the surety was to vacate it as to the defendant. The issue to be tried on the second trial is the one joined between the plaintiff and the defendant, to which the surety is not a party, unless he becomes such under sec. 460, D. C. Code [31 Stat. at L. 1262, chap. 854].

4. An attachment or appeal bond is a contract; and where the surety by express agreement in the bond agrees to submit to the jurisdiction of the court, and abide by and perform the judgment of the court, it is equivalent to a waiver of process and submission to the

jurisdiction of the court; and where the statute provides for summary entry of judgment against the surety, and by the terms of the bond, he has submitted himself to the jurisdiction of the court for that purpose, no fact remains to be ascertained to render the surety liable, and a separate action on the bond is unnecessary.

5. Sections 454 and 455 of the Code of the District of Columbia, in so far as they provide for a form of undertaking for the release of attached property, requiring the parties thereto to submit to the jurisdiction of the court, with an agreement on their part to abide by and perform judgment of the court "in relation to the property attached," and for a joint judgment "against both the defendant and his surety or sureties in said undertaking for the appraised value of the property" in the event of judgment in favor of the plaintiff, are not unconstitutional, as denying due process of law to the surety or sureties in such undertaking.

6. On appeal in an attachment proceeding, it is unnecessary to determine the admissibility of evidence which, if inadmissible, cannot constitute reversible error, inasmuch as it relates solely to the value of the property attached, which is conceded to be far in excess of the amount of the judgment appealed from.

On application for writ or error.

7. The right of appeal from this court to the Supreme Court of the United States, granted by sec. 250, par. 3 of the Judicial Code, is confined to cases in which the constitutionality of the general laws of the United States is involved, and not acts of Congress local to the District of Columbia.

No. 2480.    Submitted March 5, 1913.    Decided April 7, 1913.    Application for writ of error submitted May 6, 1913.    Decided May 6, 1913.

HEARING on an appeal by the surety on an attachment undertaking given to secure the release of the attached property, from an order of the lower court overruling a motion in arrest of judgment, and from a judgment on verdict against the principal on the undertaking and the surety, in an action to recover a balance upon an open account.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellee, American Fruit Product Company, brought an action in the supreme court of the District of Columbia on an

account against the Semmes-Kelly Company, a corporation doing business in the District of Columbia. A writ of attachment was issued, on which was indorsed the marshal's return: "Attached as per schedule herewith, and served defendant with a copy of this writ and notice prescribed by sec. 446 of the Code [31 Stat. at L. 1259, chap. 854], April 22, 1908." Attached to the return was the following schedule: "Large stock of merchandise, groceries, canned goods, etc., located at store, premises No. 614–616 Penn. ave., valued at $20,000."

The following day an undertaking was filed to release the attached property. It was signed by the Semmes-Kelly Company, hereafter called defendant, and appellant, the United Surety Company. The obligation of the bond is as follows: "The defendant and United Surety Company of Baltimore, Maryland, surety, in consideration of the discharge from the custody of the marshal of the property seized by him, upon the attachment sued out against the defendant, on the 22d day of April, A. D. 1908, in the above-entitled cause, appearing, and submitting to the jurisdiction of the court, hereby undertake * * * to abide by and perform the judgment of the court in the premises in relation to said property, which judgment may be rendered against all the parties whose names are hereto subscribed." The property was released to defendant, and the giving of the bond noted on the marshal's return.

Issue was joined on the pleas of plaintiff and defendant, and on trial the jury returned a verdict for plaintiff for the sum of $8,748.29. A judgment was entered "that the plaintiff herein recover of defendant herein and the United Surety Company of Baltimore, Maryland, its surety, the sum of twenty thousand dollars ($20,000), appraised value of the property herein attached, and upon payment by said defendant and its surety, to said plaintiff, of the sum of eight thousand, seven hundred and forty-eight dollars and twenty-nine cents ($8,748.29), together with interest thereon from the 9th day of November, 1907, as aforesaid, found due by said defendant to said plaintiff, by reason of the premises, and costs of suit, for which exe-

cution shall be had, it is ordered that the undertaking filed herein April 23d, 1908, be discharged and released."

A motion to stay execution and vacate the judgment was filed by appellant. The court, on consideration of the motion, "ordered that the verdict rendered herein May 19th, 1910, and the judgment thereon, entered May 25th, 1910, be and they are hereby, set aside, vacated, and for nothing held as against said United Surety Company, unless the plaintiff shall, within ten days hereof, file herein 'a remittitur to all of its said judgment and interest in excess of $4,842.15, with interest thereon from February 1, 1908, and costs;' whereupon, the plaintiff, by its attorneys of record, in open court, declining to file such remittitur, said verdict and judgment are hereby set aside, vacated, and for nothing held as to said United Surety Company." It was then ordered that the cause be placed upon the trial calendar. It is unnecessary to look into this judgment, since it was within the discretion of the court to set it aside, and, as the action was taken at the instance of appellant, it is in poor situation to complain.

When the case was reached for second trial, appellant interposed the objection that, inasmuch as the former judgment had not been vacated as to the defendant, and said judgment as to defendant "remains of record, unreversed, and having full force and effect, there is no authority in law, therefore, for the impaneling of a jury and swearing them to retry the same issue," and that the court was without jurisdiction to proceed further in the case, inasmuch as no issue had been joined between plaintiff and appellant company. This objection was overruled by the court, and on verdict for plaintiff, judgment was entered against appellant and defendant jointly for the sum of $9,937.20, from which judgment this appeal was taken.

*Mr. Wade H. Ellis, Mr. R. Golden Donaldson, Mr. Charles Cowles Tucker,* and *Mr. Abner H. Ferguson,* for the appellant:

1. The judgment against the appellant appealed from is illegal and void, as there was no appraisement of the defendant's

property.  *Turner* v. *Collier,* 37 Ark. 528; *Faulkner* v. *Cook,* 103 S. W. 384; *Richard* v. *Mooney,* 39 Miss. 357; *Phillips* v. *Harvey,* 50 Miss. 489; *Lowenstein* v. *McCadden,* 54 Ark. 13; *Wright* v. *Manns,* 111 Ind. 422.

2. The personal judgment of May 19, 1910, having been rendered against the defendant for the amount of the plaintiff's claim, and the plaintiff having treated that judgment as a valid judgment against the defendant, as is evidenced by its having issued on August 16, 1910, a fi. fa. on the judgment, and having caused to be issued on August 30, 1910, a writ of attachment on the judgment, abandoned and waived all right to have entered a subsequent judgment against the appellant upon the undertaking.  In attachment suits, the plaintiff, by taking a personal judgment against the defendant, loses his lien against any property which has been seized under the writ of attachment.  *Gilbert* v. *Gilbert,* 33 Mo. App. 259; *Schieb* v. *Baldwin,* 22 How. Pr. 278; *Lowry* v. *McGee,* 75 Ind. 508; *Smith* v. *Scott,* 86 Ind. 346; *Sannes* v. *Ross,* 105 Ind. 558; *United States Mortg. Co.* v. *Henderson,* 111 Ind. 24; *Gass* v. *Williams,* 46 Ind. 253; *Capital City Dairy Co.* v. *Plummer,* 20 Ind. App. 409; *Moore Co.* v. *Billings,* 46 Or. 401; *Staunton* v. *Harris,* 56 Tenn. 578; *Hall* v. *Walbridge,* 2 Aik. (Vt.) 215.

3. The taking by the plaintiff of a personal judgment is a waiver and abandonment of his rights against the surety on the bond or undertaking.  *Smith* v. *Scott,* 86 Ind. 246; *Sannes* v. *Ross,* 105 Ind. 558; *Gass* v. *Williams,* 46 Ind. 253; *Hardcastle* v. *Hickman,* 26 Mo. 475; *Urbanski* v. *Manns,* 87 Ind. 585; *Wright* v. *Manns,* 111 Ind. 422.


*Mr. George E. Hamilton, Mr. John W. Yerkes,* **and** *Mr. John J. Hamilton* for the appellee:

1. The surety on the undertaking in suit was, in law, represented by its principal, the defendant in the case, and was bound by whatever was done by its principal in the course of the

litigation, even without notice to it.    *Andres* v. *Schleuter,* 140 Iowa, 389; *Moffitt* v. *Garrett,* 100 Pac. 533; *William W. Bierce* v. *Waterhouse,* 219 U. S. 320; *Whelan* v. *McCulloch,* 4 App. D. C. 58; *Fletcher* v. *Menkin,* 37 Ark. 206; *Glenn* v. *Porter,* 68. Ark. 320; *Johnson* v. *Chicago, etc. Elevator Co.* 119 U. S. 388.

2. An appraisement, under the direction of the marshal, of property found in the possession of the defendant, and seized by the marshal under the writ of attachment, such appraisement not being required by statute, is waived by the principal and surety in the forthcoming bond given to release said attachment. *Coleman* v. *Bean,* 32 How. Pr. 370; *Martin* v. *Gilbert,* 119 N. Y. 298; *Blake* v. *McNamara,* 9 Misc. 212; *Brown* v. *Hamil,* 76 Ala. 506; *Barry* v. *Frayser,* 66 Tenn. 206; *Hauser* v. *Ryan,* 73 N. J. L. 274; *Clark* v. *Dreyer,* 9 Colo. App. 453; *Greenlaw* v. *Logan,* 70 Tenn. 185; *Council* v. *Averett,* 90 N. C. 168; *McRae* v. *Austin,* 9 La. Ann. 361.

3. The judgment entered May 25, 1910, was not a personal judgment against the defendant, but was in fact a joint judgment against the defendant and its surety, in substantial conformity with the statute, and no question of waiver or election to accept a personal judgment against the defendant alone is presented by the record.    15 Enc. Pl. & Pr. 214; *Forbes* v. *Navara,* 63 Miss. 1; *Wright* v. *Manns,* 111 Ind. 428.

4. The ruling of Justice Stafford to the effect that the order of October 21, 1910, setting aside the verdict of May 19, 1910, and the judgment of May 25, 1910, as to the appellant, operates in law to set aside the verdict and judgment as to the defendant as well as the surety, was correct, and he therefore had the right to order a trial *de novo.*    *Hanley* v. *Donoghue,* 59 Md. 239; *Van Renselaer* v. *Whiting,* 12 Mich. 449; *Grace* v. *Casey,* 62 Ill. App. 149; *Long* v. *Garnett,* 45 Tex. 400; *Hughes* v. *Lindsey,* 10 Ark. 555; *Richards* v. *Finney,* 12 Johns. 434; *Wright* v. *Andrews,* 130 Mass. 149; *Hall* v. *Williams,* 6 Pick. 232; *Meyer* v. *Kuhn,* 65 Fed. 705; *Bartle* v. *Coleman,* 6 Wheat. 475.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Where property in this jurisdiction is attached in the possession of the owner, and a bond given for its release, no appraisement is required.   The only provision of law which seems to imply the necessity of an appraisement is found in sec. 455 of the Code [31 Stat. at L. 1261, chap. 854], which provides that "if the property attached be delivered to the defendant upon his executing an undertaking as aforesaid, and judgment in the action shall be rendered in favor of the plaintiff, it shall be a joint judgment against both the defendant and his surety or sureties in said undertaking for the appraised value of the property." In the absence of a more specific statutory requirement for an appraisement, we are disposed to rule that a formal appraisement is not required.   We think that the appraisement referred to as a limitation upon the amount of the judgment that may be rendered against the surety only applies where the value of the property attached is not sufficient to satisfy the amount of the judgment in favor of the attaching creditor.   In that instance, as the surety could only be held for the value of the attached property, the court should ascertain the value of the property, and accordingly enter judgment against the surety. But this contingency does not concern us, since the value of the property is conceded to be far in excess of the judgment.

There was no error in overruling the objection of the appellant to the second trial, on the ground that the first judgment was not vacated as to defendant.   The common-law rule prevails in this country, to the effect that where a judgment against several defendants is vacated and a new trial granted as to part, the judgment as to all is set aside.   *Hanley* v. *Donoghue,* 59 Md. 239, 43 Am. Rep. 554; *Van Renselaer* v. *Whiting,* 12 Mich. 449; *Long* v. *Garnett,* 45 Tex. 400; *Hughes* v. *Lindsey,* 10 Ark. 555; *Richards* v. *Walton,* 12 Johns. 434.

Neither was there error in overruling the objection of appellant to the second trial on the ground that no issue had been joined between plaintiff and appellant.   The issue to be tried was the one joined between plaintiff and defendant, to which

appellant was not a party, unless it had proper grounds for becoming such under sec. 460 of the Code. Appellant's only relation to the original suit was through its contract to abide by and perform the judgment that should be rendered against defendant. Of course, if the judgment was procured by fraud or collusion between plaintiff and defendant, appellant can avail itself of this defense when called upon to respond to the judgment. But no claim of fraud has been made in this case.

But it is urged that the attachment law is unconstitutional in so far as the form of undertaking required by sec. 454 of the Code prescribes for the submission of the parties to the undertaking to the jurisdiction of the court, with an agreement on their part to abide by and perform the judgment of the court in relation to the property attached; while sec. 455 provides that, in the event of judgment in favor of the plaintiff, it shall be joint "against both the defendant and his surety or sureties in said undertaking for the appraised value of the property." It was held by this court in *Tenney* v. *Taylor,* 1 App. D. C. 223, that a provision in an appeal bond "to abide by, perform, and pay the judgment of the court" was not equivalent to a waiver of process or submission to the jurisdiction of the court. In other words, it was held that the mere undertaking to perform the judgment of the court did not confer jurisdiction to render judgment against the surety.

But here we have a different case. An attachment or appeal bond is a contract. Where the surety, by express agreement in the bond, as in this case, agrees to submit to the jurisdiction of the court, and abide by and perform the judgment of the court, it is equivalent to a waiver of process and submission to the jurisdiction of the court. Where the statute provides for summary entry of judgment against the surety, and, by the terms of the bond, he has submitted himself to the jurisdiction of the court for that purpose, no fact remains to be ascertained to render the surety liable, and a separate action on the bond is unnecessary. *Moore* v. *Huntington,* 17 Wall. 417, 21 L. ed. 642; *Johnson* v. *Chicago & P. Elevator Co.* 119 U. S. 388, 30 L. ed.

447, 7 Sup. Ct. Rep. 254; *Hopkins* v. *Orr,* 124 U. S. 510, 31 L. ed. 523, 8 Sup. Ct. Rep. 590.

This question was fully passed upon in *Beall* v. *New Mexico,* 16 Wall. 535, 21 L. ed. 292. In that case the court was considering the validity of a judgment upon an appeal bond entered under a statute similar to ours, which provided that "in case of appeal in civil suits, if the judgment by the appellate court be against the appellant, it shall be rendered against him and his securities on the appeal bond." Sustaining the validity of the judgment, the court said: "The first error assigned is, that judgment was entered by the supreme court against the sureties of the appeal bond as well as against the appellants below. This point depends on the question whether the statute of the territory authorizing such a judgment is a valid one or not. As the legislative power of the territory, by the organic act, extends to all rightful subjects of legislation consistent with the Constitution of the United States, it would seem to extend to such a case as this. A party who enters his name as surety on an appeal bond does it with a full knowledge of the responsibilities incurred. In view of the law relating to the subject it is equivalent to a consent that judgment shall be entered up against him if the appellant fails to sustain his appeal. If judgment may thus be entered on a recognizance, and against stipulators in admiralty, we see no reason in the nature of things, or in the provisions of the Constitution, why this effect should not be given to appeal bonds in other actions, if the legislature deems it expedient. No fundamental constitutional principle is involved; no fact is to be ascertained for the purpose of rendering the sureties liable, which is not apparent on the record itself; no object (except mere delay) can be subserved by compelling the appellees to bring a separate action on the appeal bond." If this is the law as to appeal bonds, it is not apparent why the Congress may not extend similar jurisdiction over sureties upon attachment bonds.

Error is assigned in admitting the testimony of the witness Cusick, the deputy United States marshal who served the writ of attachment. The testimony was to the effect that he tele-

phoned the marshal's office from the building where the attached property was located, and was asked by the chief deputy marshal how long it would take to make an appraisement of the property, to which witness replied that it would take at least two or three days, whereupon the chief deputy instructed him over the phone not to have the appraisement made, but to inquire of Mr. Semmes if he had $20,000 worth of stock there; that witness made the inquiry, "and Mr. Semmes said, 'Yes, I have a great deal more.'" It is unnecessary to determine the admissibility of this evidence; for, if inadmissible, it could not constitute reversible error, inasmuch as it related solely to the value of the property attached; which, it is conceded, was far in excess of the amount of the judgment.

The judgment is affirmed with costs.          *Affirmed.*

An application by the appellant for the allowance of a writ of error to the Supreme Court of the United States was denied May 6, 1913, Mr. Justice VAN ORSDEL delivering the opinion of the Court:

This is an application for a writ of error to the Supreme Court of the United States from the judgment of this court in the above-entitled case. *Ante,* 239, present term. The application is based upon the ground that the constitutionality of secs. 454 and 455 of the Code of Laws for the District of Columbia is drawn in question. Section 250, par. 3, of the Judicial Code [36 Stat. at L. 1159, chap. 231, U. S. Comp. Stat. Supp. 1911, p. 231] grants the right of appeal from this court to the Supreme Court of the United States "in cases involving the construction or application of the Constitution of the United States, or the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority.

A mere reference to the record and opinion in this case will disclose that the question raised was the constitutionality of a law of the District of Columbia, and not a general law of the United States. The right of appeal is confined to cases in which the constitutionality of general laws of the United States is

involved, and not acts of Congress local to the District of Columbia. The application is denied.

Appellant moved to vacate the order refusing the writ of error, but the motion was overruled May 13, 1913.

Thereafter a writ of error was granted on application of the appellants to the Chief Justice of the Supreme Court of the United States, and the same was received June 7, 1913.