[No. 2829. Dec. 17, 1924. Motion to Modify

Denied March 9, 1925.]

## BENDERACH v. GRUJICICH et al.

### SYLLABUS BY THE COURT

1. Counsel fees for the prosecution of an action for malicious prosecution are not allowable.

2. In an action for malicious prosecution, tried to the court without a jury, where the evidence shows that the plaintiff paid his attorneys $25 to represent him in the court of justice of the peace, and $160 to defend him in the district court upon a charge of felony in a contested case before a trial jury, the court may allow such expenditures as an element of damages without proof of the value of the services rendered.

3. Evidence as to a conspiracy to maliciously prosecute the appellee examined, and HELD to be sufficient to support the judgment, although not entirely conclusive.

4. Where a judgment is affirmed in principle, the mere fact that some item of recovery is denied, and the judgment modified accordingly, does not discharge the sureties on the supersedeas bond.

Appeal from District Court, Colfax County; Leib, Judge.

Action by Marko Benderach against Dick Grujicich and others. Judgment for plaintiff, and defendants appeal. Modified, and as so modified affirmed.

Crampton, Phillips & Darden, of Raton, for appellants.

L. S. Wilson, of Raton, for appellee.

### OPINION OF THE COURT

PARKER. C. J. This is an action for malicious prosecution, tried to the court without a jury, resulting in a judgment for $850, from which an appeal has been taken. The appellants were first defaulted and the proofs taken ex parte, and judgment rendered for $750, made up of $200, expenses incurred by appellee in defending himself in the criminal prosecution, and $550 damages. The default was opened, and appellants were allowed to answer, and the case was again tried by the court. At the close of the trial the judge announced:

"It is apparent, gentlemen, that the court must render judgment for the plaintiff and the matter left is just a matter of the amount. At the time I heard the evidence in the exparte case, I rendered judgment for $750, and the plaintiff has been to considerrble expense since then and I am still of the same opinion. I am going to render judgment for $850 in this case."

[1]  I· Counsel for appellants urge that the increase of the judgment from $750 to $850 was for expenses in the prosecution of this case and cannot be allowed. Counsel for appellee does not dispute this legal proposition, but argues that it does not appear· that the $100 increase was for expenses incurred in the prosecution of this case· We do not see, in view of the court's announcement, how it can be doubted that this increase was for this purpose, and we determmine that it was. The judgment is erroneous, therefore, to this extent.

[2]  2. Counsel argues that the allowance to appellee of $195 for attorneys' fees and expenses in defense of the criminal case is erroneous. because no evidence was submitted to establish the reasonableness of the charges. We doubt whether the question is raised and saved in the court below. The complaint alleged the expenditure of the money in the defense of the criminal case. The answer contains simply a general denial of the allegation of the complaint. The issue was whether the money had been expended by the

appellee. The proof of the expenditure was submitted without objection. The court found that the expenditures by appellee for counsel fees and expenses, all itemized, had been necessarily made in the defense of the criminal case in the sum of $195. Up to this time no question had been made that the reasonableness of the expenditures had not been shown, the question being first raised by an exception to the finding, after the evidence was closed and the case submitted. Under such circumstances, we doubt if the question is before us. The time to raise the question was when appellants pleaded to the complaint, and could then have been raised by demurrer, or by objection when the evidence was offered, or by motion to strike it out on the ground that it had not been supplemented by proof of the reasonableness of the expenditures· Had either of these courses been taken, the appellee would have been in a position to have offered proof on the subject, and the court would have been in a position to have passed upon the question of whether the reasonableness of the expenditures should be shown and whether it was, in fact, shown.

Assuming, however, that the question is before us, we do not see how appellants can prevail. It appears from the opinion of the court in this record that he presided at the trial of the criminal case. He thereby, as judge of the court, acquired knowledge of the fact that the attorneys, to whom the money was paid by appellee, defended him in that trial. It appears in evidence in this case that appellee paid his attorneys $160 for defending him in the criminal case before the district court, which was upon indictment for a felony and a contested case before a jury. Assuming, but not deciding, that the judge might not bring into this case the knowledge which he acquired as the presiding judge in the criminal trial, we still have the proof before him that appellee paid his attorneys $160 to defend him, and paid $9.50 for various bonds required of him, and ' expended $3 for taxi hire in going to and from the courts, making in all $172.50, thus accounting for the total allowance of $195, except the

sum of $22.50. This latter sum probably is a part of the $25 paid for attorneys' fees in the court of the justice of the peace, of which the judge had no knowledge further than the evidence that the appellee had paid it. Counsel for appellant vigorously argue that the court, while it has power to allow, without evidence, attorneys' fees for services rendered in the case then before the court, has no power to so allow them for services performed in another case, without proof of the character of the service, and its value. This is probably true in the ordinary case, at least so far as the character of the services is concerned. But this case is rather unusual. In the first place, it was tried to the court without a jury. In case of jury trials, there must be proof of the character of the services, and proof of the reasonable value of the same, because the jury has no standard, without proof, with which to measure the value as an element of damages. But in a case of this kind, tried to the court as this was it being shown what the prosecution was, and the course it took, the mere proof that the attorneys defended the appellee is a sufficient characterization of the services. Every lawyer knows that a mere employment of two attorneys in good standing to defend a man charged with a felony, regardless of the amount of work required in conducting his defense before a trial jury, is worth more than $160. Of course, where the service is long drawn out, covering a multitude of items, and where the allowance is large, evidence of the character and extent of the service and its value ought, perhaps, to be required, except where the service is performed under the eye of the court. But not so where the mere statement of the fact of services proves its value up to the amount of the allowance, as in this case, both as to the fee in the justice's court and the district court· Counsel for appellants admit that proof of payment is some evidence of the value of the services, as claimed by counsel for appellee; but they deny the application of the principle in this case because the character of the service is not shown. In this they are in er-

ror, as before seen, because the fact of service sufficiently shows its character. Upon the subject of proof of payment being some evidence of value; see Carnego v. Crescent Coal Co., 164 Iowa, 552, 146 N. W. 38, Ann. Cas. 1916D, 794 and note. We do not commit the court on this proposition, but merely apply the principle in view of the admission in the briefs. We do not desire to be understood as departing from any of the well-established principles in regard to the power of the court in matters of this kind. We simply hold that this case is exceptional in character, and that there was no error on the part of the court under the circumstances in allowing the $195 as an element of damages in the case.

[3] 3. The complaint was framed, and the cause was tried, upon the theory that the criminal prosecution of the appellee was the result of a conspiracy between all of the appellants. The theory of the appellee was that all three of the appellants conspired to assault him, which assault was effectuated by one of the appellants; the others being present, aiding and abetting him. The theory was, further, that appellants, after the assault, conspired to falsely prosecute appellee for the crime of assault with a deadly weapon, alleged to have been committed by appellee during the first controversy. There is doubtless sufficient evidence to establish the conspiracy to assault the appellee. Appellants were present at the home of appellee, dropping in, one at a time, without any apparent reason, and all participating in the assault, according to appellee's evidence. The evidence of conspiracy to maliciously and falsely prosecute the appellee is not quite so clear· All three appellants left together in an automobile after the assault upon appellee. One of the appellants, the same day, made the complaint in the criminal case before the justice of the peace, and all three testified before the justice, and afterwards before the district court, to the assault with a deadly weapon, falsely as the court found. Just how the two appellants came to testify in the two courts, whether they volunteered or were brought in

by process, does not appear. They are not shown to have counseled or abetted the institution of the prosecution, or to have participated in a common design to carry forward the same, by any direct evidence. Of course, evidence of conspiracy need not be direct; the same being susceptible of proof circumstantially. In this case, the court saw and heard the witnesses and became convinced that all three appellants participated in the common design and purpose, and committed acts in futherance thereof, and we are not prepared to say that there was no evidence to support his conclusions, although, as above stated, it is not as clear as it might be on this subject.

It follows from all of the foregoing that the judgment is excessive in the sum of $100, and should be modified to that extent, and, as so modified, should be affirmed, and the cause remanded with directions to so modify the same, and it is so ordered.

BOTTS and FORT, JJ., concur.

On Motion to Modify Judgment.

PARKER, C. J. A motion for a modification of the judgment of this court has been filed. It is founded upon the proposition that, as we modified the judgment to the extent of denying one item of recovery in the sum of $100, and affirmed the judgment as modified, the sureties on the supersedeas bond thereby became discharged from the payment of the remaining portion of the judgment. The statute (section 17, chapter 43, Laws 1917) provides for a bond conditioned "for the payment of such judgment, and all the costs that may be adjudged against him in case such appeal or writ of error be dismissed or the judgment or decision of the district court be affirmed." The bond given in this case is conditioned that if the appellants "shall prosecute their said appeal with due diligence in the supreme court of the state of New Mexico, and, if the judgment or decision of the court below be affirmed, or the appeal be dismissed, shall comply with the decree of the district court, pay said judgment, and pay all damages and costs," etc.

Counsel cites the case of Orr v. Hopkins, 3 N. M. (Gild.) 183, 3 P. 61, as supporting his contention that the sureties are discharged; but we do not find the case to support his contention. That was a case where an excessive amount of interest had been allowed, and the court required a remittitur of the excess interest, and affirmed the judgment as thus modified. The court held that this was an affirmance of the judgment, and that the sureties on the appeal bond were not discharged. This case was decided under statutes substantially like, if not identical with, our present statute. There is a statement in the opinion to the effect that if the appeal had been taken to correct the erroneous interest charge, a different conclusion might have been reached. But this was merely a suggestion, and not a part of the decision. The decision was that the judgment was an affirmance of the judgment below, and we fail to see the distinction whether counsel found and relied upon the error, or whether the court found it, and of its own motion compelled the remittitur. This case went to the Supreme Court of the United States, and is reported as Hopkins v. Orr, 124 U. S. 510, 8 S. Ct. 590, 31 L. Ed. 523, and was affirmed, that court saying:

"The judgmyent of the district court was affirmed within the meaning of the territorial statutes and of the appeal bond."

See, also, 4 C. J. "Appeal and Error," §§ 3361-3365. See, also, note to Howell v. Alma Milling Co. (36 Neb. 80, 54 N. W. 126) 38 Am. St. Rep. 694, where a vast number of cases on this subject are collected.

[4] We are aware of the general doctrine that sureties are favored in the law, and their obligation is strictissimi juris, and may not be extended by implication. But this doctrine is susceptible of misapplication, resulting in injustice. The surety is the cause of the suspension of appellee's right to enforce his judgment, at a time, often, when it could be enforced. If the slightest modification of the judgment

on appeal is to be deemed to discharge the surety, then the giving of a supersedeas bond affords no protection to the appellee in most cases. On the other hand, if the judgment of the district court be affirmed in principle, it should be held to be affirmed within the meaning of the statute and bond, notwithstanding some slight modification. In this way, the ends of justice are promoted, and the purposes of the bond, and the intention of the parties, are accomplished. See 4 C. J. "Appeal and Error," § 3321. Of course, the obligation of the surety must not be extended to something other and different from his undertaking, but such is not the case here.

It follows from the foregoing that the motion to modify our judgment should be denied, and it is so ordered.

BICKLEY and WATSON, JJ., concur.