## IGNACIO BARRAGAN V. THE STATE.

No. 21407.  Delivered January 29, 1941.

The opinion states the case.

*W. Joe Bryan,* of El Paso, for appellant.

*Lloyd W. Davidson, State's* Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is selling whisky on Sunday; the punishment, a fine of $200.00.

The complaint and information embraced two counts, the first charging that on the 9th day of June, A. D. 1940, "the said day being Sunday," appellant sold whisky to J. M. Rich. The second count charged that on the 9th day of June, 1940,

"The said day being Sunday" appellant sold whisky to Haskell Smith. Both counts were submitted to the jury, which returned two verdicts, one finding the appellant guilty of selling whisky to Rich as charged in the first count of the complaint and information, and assessing the punishment at a fine of one hundred dollars, and the other finding him guilty of a sale to Smith, as charged in the second count of the complaint and information, and assessing the punishment at a fine of one hundred dollars.

J. M. Rich and Haskell Smith were inspectors of the Texas Liquor Control Board. According to their testimony, they had gone to El Paso for the purpose of carrying on their official work. In the performance of their duties they went to a beer tavern and package store known as Tony's Place, which was located at 3622 Oro Street, and purchased some whisky from appellant. We quote from the testimony of Mr. Rich as follows: "I walked up to the door and knocked at the door and was admitted to the beer establishment, and I went on through the beer establishment and entered into this small room where they have the booths, and I met Barragan (appellant) here, whom I had known on several occasions, and told Barragan that I wanted to get a pint of Yellowstone. Inspector Haskell Smith was with me, and he asked me to take a seat in the booth, which I did, and I took a seat in the booth * * *. In a few minutes Barragan returned and handed me a pint of Yellowstone Whisky, and I paid him $1.75. At that time, Inspector Haskell Smith asked him to get him half a pint." Mr. Smith testified, in part as follows: "When we went back there and were seated in the booth, he (referring to appellant) came back and sat a couple of glasses of water on the table, and Inspector Rich asked him to get some whisky, and he went off and immediately returned with a bottle of whisky. It was a pint of whisky, and when he returned with it, he brought it there and sat it on the table, and Inspector Rich paid him $1.75 for it. As to what happened then, well, when he sat that down, immediately after that Rich asked me if I didn't want some, and I said 'Yes, I want a half pint of that Yellowstone Whisky,' and he (appellant) immediately went out and came back and sat a half pint of that whisky on the table. I paid him sixty-five cents for it." The testimony of the inspectors was to the further effect

that the transactions they had with appellant occurred at ten o'clock in the morning on June 9, 1940, which was Sunday.

Testifying in his own behalf, appellant admitted that he was employed at the place of business mentioned in the testimony of the inspectors. However, it was his version that he was not there at the time they claimed to have bought whisky. He said the business was not opened until 11 a. m. on Sunday.

Joaquin Flores, a witness for appellant, testified that he lived in El Paso and operated a place of business at 3622 Oro Street. According to his testimony, his business was not supposed to be opened on Sunday until 11 a. m. He also testified that appellant was one of his employees.

Antonio Flores testified that he lived at 517 North Stevens Street in El Paso, Texas. He said that he owned the property "described as 3622 Oro Street," and that his residence at 517 North Stevens Street was south of 3622 Oro Street. We quote from his testimony: "517 is south of the place of business. I use it as my residence. With reference to the place known as 'Tony's place,' * * * the front entrance of 517 is about twenty-five feet from 'Tony's Place.' The place known as 'Tony's Place' was originally operated by myself." The witness also testified that the business operated at 3622 Oro Street was never opened on Sunday until 11 a. m.

The verdict of the jury on the first count read as follows: "We, the jury, find the defendant, Ignacio Barragan, 'guilty' as charged in the First Count of the Information, and fix his punishment at -100 fine. L. C. Swor, foreman." A similar verdict was returned finding the appellant guilty as charged in the second count of the information. It is appellant's contention that the verdicts are void on the ground that they fail "to properly state what punishment in fact the jury intended to affix." We are unable to agree with this contention. The minimum penalty, as given in the charge of the court, was one hundred dollars. When reasonably construed, the verdict in each instance indicate that the minimum penalty of one hundred dollars was assessed. In O'Docherty v. State, 57 S. W. 657, it is shown that the accused was convicted of carrying a pistol, his fine being assessed at twenty-five dollars, which was the minimum punishment under the statute in force at the time. It is further shown that the verdict of the jury was as follows: "We, the jury, find the defendant guilty as charged in the indictment and assess his fine at 25.00/100." In upholding the verdict, this court said:

"In considering a verdict it is to be given such a construction as will give effect to every reasonable intendment, and a verdict is not to be void unless from necessity originating from doubt of its import, or its manifest tendency to work injustice. or its failure to contain that which some express provision of the statute requires. In construing a verdict the object is to arrive at the meaning of the jury. Chester v. State, 1 Texas App. 703. In Hopkins v. Orr, 124 U. S. 510, 8 Sup. Ct. 590, 31 L. Ed. 523, where the verdict of the jury was, 'We find for plaintiff in the sum of thirteen hundred and ninety-nine and 48/100' (the word 'dollars' being omitted), the court held the omission of the word 'dollars' would not prevent the rendering of judgment according to the manifest intent of the jury. See, also, Mayson v. Sheppard, 12 Rich. Law, 254. Technical and unsubstantial objections to a verdict will not be considered in determining its sufficiency. Reynolds v. State, 17 Texas App. 413. Where the sense of a verdict is clear, it is to be reasonably construed, and neither incorrect orthography nor ungrammatical language will render it illegal or void. Roberts v. State, 33 Texas Cr. R. 83, 24 S. W. 895. The minimum punishment for carrying a pistol is $25. The jury returned a verdict of guilty, indicating clearly that appellant was fined $25. The mere presence of a dollar mark or the word 'dollars' prefixed or suffixed to the '25.00/100' would not make more certain what the jury intended by their verdict. It is a well-known aphorism of the law that that is certain which can be made certain. A casual inspection of this verdict, coupled with the charge of the court, makes the same absolutely certain. We do not think the court erred in refusing a new trial on account of an informal verdict."

Bill of exception No. 2 recites that appellant, in his motion for new trial, alleged that the State failed to prove venue. Venue may be proved by circumstantial evidence. Allen v. State, 199 S. W. 633. Its proof beyond a reasonable doubt is not required. Allen v. State, supra. It has been observed that the witness Antonio Flores testified that he lived at 517 North Stevens Street in El Paso, Texas, and that the place of business at 3622 Oro Street, where it was alleged the appellant sold the whisky, was about twenty-five feet from the home of the witness. This court judicially knows that El Paso is the county seat of El Paso County. It follows that the testimony of the witness Flores was sufficient to show that the place of business where the sale was alleged to have occurred was in El Paso County, where the prosecution proceeded. It might be added that the bill of exception fails to set out evidence so as to negative the proof of venue, nor is it certified in the bill as a fact that venue was not

proven. The bill is insufficient. Allen v. State, supra. We think the evidence sufficient to show venue as alleged.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.