BANTA McCLURE V. STATE

No. 28,435. October 3, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) November 14, 1956.

W. J. Bragg, Memphis, and Richard D. Bird, Childress, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for selling whiskey in a dry area; the punishment, a fine of $100.

R. M. Barba, Inspector for the Texas Liquor Control Board, testified that on October 18, 1955, while he was working as an undercover man in Memphis, Texas, he went to a cafe in Memphis where he met the appellant and there purchased from him one half-pint of whiskey for $2.50.

The state offered proof that Hall County was a dry area.

Appellant, while testifying in his own behalf, stated that he had not seen the witness Barba prior to the trial, and denied that he had sold Barba whiskey at any time.

The issues of fact were resolved against the appellant by the jury and we find the evidence sufficient to support their verdict.

Appellant's complaint that the state failed to prove that the alleged sale occurred in the dry area cannot be sustained as this court will take judicial knowledge of the fact that Memphis is the county seat of Hall County, Texas, and proof that the sale was made in Memphis is sufficient. McCormick and Ray, Texas Law of Evidence, 2nd Ed., 221, Sec. 193; Lamkin v. State, 136 Tex. Cr. R. 99, 123 S.W. 2d 662; Barragan v. State, 141 Tex. Cr. R. 12, 147 S.W. 2d 254.

Appellant contends that the trial court erred in overruling his motion to discharge the jury and declare a mistrial upon its receipt and filing of the following written report of the jury: "Hung jury, three for and three against. Foreman Robert Breedlove."

The record shows that after the jury had retired to deliberate they returned into court and reported to the judge in writing as above set forth. The record is silent but evidently the judge upon receiving such statement directed the jury to return to the juryroom for further deliberation. They afterwards returned into court the following verdict: "We, the jury, find the defendant guilty, as charged in the information, and assess his punishment at a fine of $100. Robert Breedlove, Foreman of the jury." Judgment was entered in accordance with this verdict.

The first report of the jury to the judge was a mere statement by the jury of their inability to reach a verdict. Whether the jury at the time of its first report should have been discharged and a mistrial ordered or returned to the juryroom for further deliberation rested in the discretion of the trial judge. There is no showing of abuse of discretion by him in refusing to discharge the jury and declare a mistrial upon receipt of the jury's first report. Hence no error is shown. Art. 682, Vernon's Ann. C.C.P.; 42 Tex. Jur. 447, Sec. 352.

The judgment is affirmed.

Opinion approved by the Court.